**CITY OF WAHPETON, Plaintiff and Appellee,**

v.

**Elroy JOHNSON, Defendant and Appellant.**

**Cr. No. 751.**

Supreme Court of North Dakota.

March 25, 1981.

Steven Lies, Asst. City Atty., Wahpeton, for plaintiff and appellee.

Brian W. Nelson, Fargo, for defendant and appellant; argued by William Kirschner.

PEDERSON, Justice.

Elroy John Johnson has appealed his conviction in the Richland County Court with Increased Jurisdiction for driving while under the influence of an intoxicating liquor. We affirm.

On the evening of May 16, 1980, Wahpeton police officers Roger Becker and Don Viele were on patrol when Officer Becker saw a pickup making an illegal left turn on a street in Wahpeton. After the turn, the pickup headed east toward the Minnesota-North Dakota border. As the officers pursued the vehicle, they noticed it being "oversteered" and weaving as a result. The pickup stopped just after it crossed the border into Minnesota. The driver of the pickup, Johnson, had not attempted to escape but appeared simply not to have noticed the officers' signals until he was no longer in North Dakota. After Johnson stopped, he got out of the pickup to meet the officers. Officer Becker detected a sway in Johnson's walk and an odor of liquor. After talking with Johnson, he noticed further that Johnson's speech was mumbled or slurred. Officer Becker asked Johnson to accompany him back to the Law Enforcement Center in Wahpeton. According to the officers, he agreed to return to Wahpeton. He was not allowed to drive his pickup, but instead rode back in the patrol car. Upon his arrival at the Law Enforcement Center, Johnson was given physical sobriety tests. He was then formally arrested and told of his *Miranda* rights. He submitted to a Breathalyzer test and was subsequently convicted.

On appeal, Johnson asserts that: 1) the court erred when it admitted into evidence the results of the sobriety and Breathalyzer tests because Johnson was arrested without probable cause, and 2) the court erred when it admitted into evidence the results of the sobriety tests because Johnson was in custody and not told of his *Miranda* rights.

In the recent case of *City of Wahpeton v. Skoog*, 300 N.W.2d 243, 245 (N.D. 1980), this court held that sobriety tests, like the ones used in the instant case, "do not activate the protections afforded by the Fifth Amendment." Instead of producing evidence "testimonial or communicative in nature," these tests require only that the defendant submit to the gathering of "real or physical evidence." Thus Johnson's contention, that the evidence is inadmissible if no *Miranda* warning was given, has been expressly rejected by this court.

Johnson's other argument is that the police officers effectively arrested him when he was stopped in Minnesota and taken back to Wahpeton. He asserts, however, this arrest was without probable cause and, therefore, all (test) evidence obtained subsequently while he was in custody is inadmissible. A warrantless arrest for driving under the influence of an alcoholic beverage requires that the arresting officer have probable cause to believe that the offense

has been committed. *State v. Kolb*, 239 N.W.2d 815, 817 (N.D.1976); Section 29–06–15(6), NDCC.

■ An unlawful arrest will not per se be sufficient to set aside defendant's conviction. Instead, the defendant can, through a motion to suppress pursuant to Rule 12(b), NDRCrimP, request exclusion of evidence which results from the arrest. *State v. Mees*, 272 N.W.2d 284, 287 (N.D.1978). If the court fails to exclude evidence derived from an improper arrest, and the error is not harmless beyond a reasonable doubt, the defendant's conviction will be reversed. See, *State v. Erdman*, 170 N.W.2d 872 (N.D. 1969); Rule 52(a), NDRCrimP.

Johnson did not present to the trial court the issue of unlawful arrest, and the State argues that the admissibility of evidence cannot now be challenged on that basis. As a rule, this court will decline to consider questions not presented to the trial court. *State v. Rindy*, 299 N.W.2d 783, 785 (N.D. 1980). Rule 52(b), NDRCrimP, provides for review of errors to which the defendant did not object but which have detrimentally affected his "substantial rights." However, Johnson's rights were not violated by an illegal arrest because, we believe, no arrest occurred.

The existence of an arrest is a question of law. 6A C.J.S., Arrest, § 4.

"An arrest is the taking of a person into custody in the manner authorized by law to answer for the commission of an offense." Section 29–06–01, NDCC. Beyond this definition, the features deemed by authorities necessary and sufficient to constitute an arrest are often vague and varying. See, Gless, Arrest and Citation: Definition and Analysis, 59 Neb.L.Rev. 279 (1980). The primary consideration, explicit in the statute, is whether or not the person is taken and held for the purpose of being subjected to legal process. Custody can be actual or constructive; no use of force or particular words is necessary as long as the arrestor has the apparent power to detain. Not every temporary detention is an arrest or seizure requiring probable cause. *Borman v. Tschida*, 171 N.W.2d 757, 761–2 (N.D.1969); see also, *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). In determining whether or not an arrest has occurred, one useful concept, borrowed from United States Supreme Court Fourth Amendment doctrine, is the "scope of intrusion." Gless, Arrest and Citation, *supra*, at 291. If the intrusion is limited and a result of reasonable police activity, no arrest will be found. Other elements of traditional arrest law, by which the nature and extent of an intrusion can be clarified, include the intent of the officer and the reasonable impression conveyed by the officer's conduct. Mere submission to a request unaccompanied by coercion is not, without more, an arrest. See, generally, 6A C.J.S., Arrest, §§ 2, 43, 44. With these criteria in mind, we can assess the particular facts in each case.

■ We conclude that Johnson was not under arrest. In view of the illegal turn, the initial stop was justified and reasonable. Both officers and Johnson himself stated at trial that when asked he agreed to return to Wahpeton, and the transcript does not indicate any coercion. Officer Becker recognized that in Minnesota he was "acting as a private citizen," and testified that Johnson would have been free to remain in Minnesota had he so chosen. As police officers of a North Dakota municipality, they had authority, under the Minnesota "hot pursuit" statute, to arrest only a person suspected of a *felony*. M.S.A., § 626.65. No citizen's arrest was attempted, nor was Johnson taken before a magistrate in Minnesota. M.S.A., § 626.66. All of this is consistent with the fact that the officers made no formal arrest until they returned to Wahpeton. Because no arrest was effected, there can be no issue of illegality.

The judgment of conviction is affirmed.

ERICKSTAD, C. J., and PAULSON, SAND and VANDE WALLE, JJ., concur.