**STATE of North Dakota, Plaintiff and Appellee,**

v.

**Marion Donald WETSCH, Defendant and Appellant.**

Cr. No. 755.

Supreme Court of North Dakota.

April 3, 1981.

Owen K. Mehrer, State's Atty., Dickinson, for plaintiff and appellee; argued by John J. Fox, Asst. State's Atty.

Baird Law Firm, Dickinson, for defendant and appellant; argued by David F. Senn, Dickinson.

PEDERSON, Justice.

Marion Wetsch has appealed from his conviction in the Stark County Court With Increased Jurisdiction for possession of a pistol in an establishment engaged in the retail sale of alcoholic beverages, § 62–01–04.1, NDCC. See, § 62–01–01, NDCC. We affirm.

On the evening of July 28, 1980, Wetsch entered a tavern in South Heart, North Dakota. He was carrying a pistol which he laid on the bar in the presence of a barmaid. After he left, the barmaid reported the incident to a Stark County deputy sheriff, who was in the area at the time. The barmaid did not know Wetsch, but the deputy learned from some bystanders the license number of the car in which he had driven away. A check with authorities in Bismarck revealed the owner of the vehicle was Marion Wetsch whose address was listed simply as South Heart. The deputy then "checked around to . . . locate the car." He discovered it parked near a trailer house in South Heart. He approached the house to ask for Marion Wetsch, but was told by the two people who appeared at the door that Wetsch was not there. About one-half hour later the deputy returned to the house with two other deputies and asked again for Marion Wetsch. After being told again that Wetsch was not there, he was at gunpoint ordered off the premises. The officers did not have an arrest or search warrant and they retreated to their vehicles. They parked on an adjacent street and began to shine spotlights at the house. Marion Wetsch emerged from the house a short time later. As he approached he said something like, "I'm the one you're looking for." He was placed under arrest. The officers then asked the occupants of the trailer house about the pistol purportedly carried by Wetsch into the bar. Upon request they

appear to have voluntarily retrieved the weapon from inside their house and turned it over to the officers.

Wetsch has challenged the trial court's admission of evidence which, he believes, was derived from an illegal arrest.[1] His position is that he was constructively arrested when the deputies positioned themselves outside the trailer house and trained spotlights on it. Yet, because the offense involved was only a misdemeanor and no exigent circumstances were present, Wetsch asserts that the officers were obliged, under § 29–06–15, NDCC, to obtain an arrest warrant. They admittedly did not. It follows, according to this argument, that the details of the confrontation at the house, including also Wetsch's "confession" and the pistol, ought not to have gone before the jury.

Evidence gained by means of an unlawful arrest is not admissible at trial. *State v. Mees*, 272 N.W.2d 284, 287 (N.D. 1978). However, even were it assumed that an arrest occurred, we conclude that Wetsch's conviction should stand. See *City of Wahpeton v. Johnson*, 303 N.W.2d 565 (N.D.1981). We said in *City of Wahpeton, supra*, that "if the court fails to exclude evidence derived from an improper arrest, *and the error is not harmless beyond a reasonable doubt*, the defendant's conviction will be reversed."[2] [Emphasis added.] Unless official action was obnoxious to fundamental criminal procedure, harmless error is shown if properly admitted evidence would sustain the jury's verdict. *State v. Howe*, 182 N.W.2d 658, 664 (N.D.1971).

The above-mentioned evidence is at most cumulative in light of the uncontroverted testimony given by the barmaid. Her testimony clearly established each element of the offense. Neither the gun (which, by the way, the barmaid failed to identify) nor Wetsch's rather obscure con-

fession was necessary or sufficient to prove the offense contained in § 62–01–04.1, NDCC. The issue of a supposedly unlawful arrest, therefore, need not be reached. Moreover, while it may have been advisable for the deputies to seek an arrest warrant, their conduct was certainly not so outrageous as to require reversal.

The judgment of conviction is affirmed.

ERICKSTAD, C. J., and PAULSON, SAND and VANDE WALLE, JJ., concur.

---

1. The State argues that Wetsch failed to make a timely objection in the trial court to the evidence challenged on appeal. Rule 12(b)(3), NDRCrimP, requires that motions to suppress evidence on the ground that it was illegally obtained *must* be raised prior to trial. While Wetsch did not submit the motion to suppress

at the appointed time, the trial court did learn of it before the commencement of trial. For the purpose of considering the argument in this case, we will consider it properly raised.

2. See *Chapman v. State of California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).