The STATE of North Dakota,
Plaintiff and Appellee,

v.

James C. BOWER, Defendant
and Appellant.

Cr. No. 890058.

Supreme Court of North Dakota.

June 27, 1989.

Thomas M. Tuntland (argued), Mandan, for defendant and appellant.

Merle Ann Torkelson (argued), States Atty., Washburn, for plaintiff and appellee.

ERICKSTAD, Chief Justice.

James Bower filed a motion with the county court requesting an order arresting judgment after the jury returned a verdict finding him guilty of the crime of falsification in a governmental matter. The county court denied the motion and Bower has appealed. We affirm.

On July 28, 1988, the State filed a complaint in the McLean County Court against Bower alleging in pertinent part that:

"on or about the 15th day of December, 1986, in Washburn, McLean County, North Dakota the above-named defendant committed the offense of: FALSIFICATION IN A GOVERNMENTAL MATTER in violation of Section 12.1–11–02(2) NDCC, by then and there in a governmental matter makes a false written statement, when the statement is material and he does not believe it to be true.[1] To–Wit: Submitted a written renewal application for a State Retail Alcoholic Beverage License, subscribed and sworn to by him on December 15, 1986, in which he falsely stated that no officer had been convicted of a misdemeanor within the past year." [Footnote added.]

On August 3, 1988, Bower entered a plea of not guilty. That same day, Bower's counsel also served a motion to dismiss the complaint on the grounds that the complaint did not charge an offense. Specifically, the motion and brief contended that the complaint failed to allege that Bower acted with the required culpability, which

---

1. The person who drafted the complaint apparently used the language of the statute without concern for syntax and verb tense.

Bower asserts is "willfully." The State filed its resistance to the motion, and on September 2, 1988, the county court denied Bower's motion to dismiss.

On November 17, 1988, the case was tried. The jury was instructed that the elements of the offense included an element of willful culpability and was also instructed as to what constituted willful conduct. The jury returned a verdict of guilty and Bower moved for an order arresting judgment pursuant to Rule 34, N.D.R.Crim.P., on the grounds that the complaint failed to charge an offense because it failed to allege that Bower had acted willfully. The county court denied the motion and Bower appealed to this Court.

The dispositive issue on appeal is whether or not the term "willfully" must be included in a criminal complaint in order to charge the offense of falsification in a governmental matter in violation of section 12.1–11–02(2)(a), N.D.C.C.

Rule 3(a) of the North Dakota Rules of Criminal Procedure provides in part that a "complaint is a written statement of the essential facts constituting the offense charged." We have said that "[a] criminal complaint serves two purposes: (1) to enable the magistrate to determine whether or not probable cause exists to support a warrant, *State v. Hager*, 271 N.W.2d 476, 478 (N.D.1978), and (2) to fairly inform the defendant of the charge in order that he may prepare his defense, *State v. Jelliff*, 251 N.W.2d 1, 5 (N.D.1977)." *State v. Bohl*, 317 N.W.2d 790, 792 (N.D.1982). Furthermore, "the information, Rule 7, N.D.R.Crim.P., must be specific enough to advise the defendant of the charge against him and to enable him to prepare for trial and to plead the result in bar of a subsequent prosecution for the same offense. *See State v. Lind*, 322 N.W.2d 826, 844 (N.D.1982)." *State v. Hatch*, 346 N.W.2d 268, 276 (N.D.1984).[2]

The complaint alleged that Bower had committed "the offense of: FALSIFICATION IN A GOVERNMENTAL MATTER in violation of Section 12.1–11–02(2) NDCC, by then and there in a governmental matter makes a false written statement, when the statement is material and he does not believe it to be true."

Section 12.1–11–02(2)(a), N.D.C.C., reads:

"A person is guilty of a class A misdemeanor if, in a governmental matter, he:

"a. Makes a false written statement, when the statement is material and he does not believe it to be true."

Bower asserts that section 12.1–11–02(2)(a), N.D.C.C., "does not specify any culpability, and does not provide explicitly that a person may be guilty without culpability. Therefore, under Section 12.1–02–02(2) N.D.C.C. the required culpability is 'willfully'." [3]

---

**2.** Rule 7(c), N.D.R.Crim.P., provides in part that "[t]he indictment or the information shall name or otherwise identify the defendant, and shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged." The explanatory note to N.D.R. Crim.P. 7(c), North Dakota Court Rules (West Publishing Co.1988) at 247 reads:

"The purpose of the indictment or information is to inform the defendant of the precise offense of which he is accused so that he may prepare his defense and further that a judgment thereon will safeguard him from subsequent prosecution for the same offense. The language employed in Subdivision (c) is intended to provide the defendant with his Sixth Amendment protection to 'be informed of the nature and the cause of the accusation * * *.' With this view in mind, Subdivision (c) is established for the benefit of the defendant and is intended simply to provide a means by which he can be properly informed of the

proceedings without jeopardy to the prosecution."

*See State v. Gahner*, 413 N.W.2d 359, 362 (N.D. 1987); *State v. Mehralian*, 301 N.W.2d 409, 418 (N.D.1981).

**3.** Section 12.1–02–02(2), N.D.C.C., reads: "If a statute or regulation thereunder defining a crime does not specify any culpability and does not provide explicitly that a person may be guilty without culpability, the culpability that is required is willfully."

Perhaps because section 12.1–11–02(2)(a), N.D.C.C., does not refer to culpability in terms of "intentionally," "knowingly," recklessly," or "negligently," Bower presumed that section 12.-1–02–02(2), N.D.C.C., provided the requisite culpability, that of "willfully." However, section 12.1–11–02(2)(a), N.D.C.C., does contain the phrase "does not believe it to be true."

Bower is apparently not the only one who was under the impression that the culpability re-

The interpretation of a statute is a question of law, fully reviewable by this Court. *Aanenson v. Bastien*, 438 N.W.2d 151 (N.D.1989). Our primary objective in the interpretation of a statute is to ascertain the intent of the legislature. *Peterson v. Heitkamp*, 442 N.W.2d 219 (N.D.1989). In determining whether or not section 12.1–11–02(2)(a), N.D.C.C., specifies a culpability requirement, we look first to the language of the statute. *Aanenson v. Bastien, supra.* When a statute is unambiguous, it is improper for the court to attempt to construe the provisions so as to legislate that which the words of the statute do not themselves provide. *Peterson v. Heitkamp, supra.* If a statute's language is ambiguous or of doubtful meaning, we may consider extrinsic aids, including legislative history, along with the language of the statute, to ascertain legislative intent. *First Security Bank v. Enyart*, 439 N.W. 2d 801 (N.D.1989); section 1–02–39(3), N.D.C.C.

Prior to its enactment, Title 12.1 of the North Dakota Century Code was studied and analyzed by the Committee on Judiciary "B" of the North Dakota Legislative Council. That Committee modeled this title after the proposed Federal Criminal Code. Accordingly, section 12.1–11–01, N.D.C.C., entitled "Perjury" and section 12.1–11–02, N.D.C.C., entitled "False statements," are derived from sections 1351 and 1352, respectively, of the proposed Federal Criminal Code.[4] Hence, when confronted with a question of statutory interpretation, we are guided by both the drafter's official comments to the proposed Federal Criminal Code and the relevant legislative history. *See State v. Sadowski*, 329 N.W.2d 583, 585 (N.D.1983).

The phrase "does not believe it to be true" is found in both the perjury statute, section 12.1–11–01(1), N.D.C.C., and the statute on false statements, section 12.1–11–02(2)(a), N.D.C.C. Committee Counsel for the Committee on Judiciary "B" noted that: "Insofar as Section 1352 relates to statements, it is in essence a 'lesser included offense' to the Section 1351 perjury offense." North Dakota Legislative Council Minutes of the COMMITTEE ON THE JUDICIARY "B" from the Meeting of Thursday and Friday, May 11–12, 1972, page 21.

The drafter's commentary on Section 1351 discloses the legislative intent with regard to culpability.

"*Perjury; Substantive Definition; Mens Rea.*—The present perjury statute, 18 U.S.C. § 1621, proscribes the giving of any 'testimony, declaration, deposition, or certificate' on a material matter which the actor 'does not believe to be true,' when such statement is given under oath 'before a competent tribunal, officer, or

quired under section 12.1–11–02(2), N.D.C.C., was "willfully." The prosecution did not resist two jury instructions requested by Bower, and subsequently given by the court, referring to a culpability of "willfully." Those two instructions read:

"FALSIFICATION IN A GOVERNMENT MATTER

"I will now explain the law on Falsification in a Government Matter.

"A person is guilty of Falsification in a Government Matter if in a governmental matter he willfully makes a false written statement, when the statement is material and he does not believe it to be true."

"ESSENTIAL ELEMENTS OF FALSIFICATION IN A GOVERNMENT MATTER

"With respect to the crime of Falsification in a Government Matter the burden of proof resting upon the State is satisfied only if the evidence shows, beyond a reasonable doubt, the following essential elements of the offense charged:

"(1) That on or about December 15, 1986, in McLean County, North Dakota;

"(2) the defendant, James C. Bower;

"(3) in a governmental matter;

"(4) willfully;

"(5) made a false written statement that was material; and

"(6) which he did not believe to be true."

4. The North Dakota Legislative Council Minutes of the COMMITTEE ON JUDICIARY "B" from the Meeting of Thursday and Friday, May 11–12, 1972, contain the following language at page 23:

"IT WAS MOVED BY SENATOR [Jack] PAGE AND SECONDED BY MR. [Rodney S.] WEBB [currently the United States District Court Judge for the District of North Dakota in Fargo] that the Committee adopt Sections 1351, 1352, 1354, 1355, and 1356 as presented.... SENATOR PAGE'S MOTION THEN CARRIED."

person.' The proposed substantive definition of the crime of perjury retains the essential elements of the crime as stated in the present statute—taking of an oath, materiality of the falsification, and the requirement that the falsification be in an official proceeding....

*"The proposed provision retains the same requirement of mens rea as is now stated in Federal law—the giving of a statement which declarant 'does not believe to be true.'* In terms of the proposed standards of culpability for the new Code, this would include statements 'recklessly' made; that is, the declarant is responsible for statements he makes falsely because he does not think they are important, or does not care whether he tells the truth or not, if, in fact, the statements are important to the inquiry." Comment on Perjury and False Statements: Sections 1351-1354 from the Working Papers of the National Commission on Reform of Federal Criminal Laws, Vol. I, page 660 (1970). [Emphasis added.]

Section 12.1-11-02(2)(a), N.D.C.C., modeled after section 1352(2)(a) of the proposed Federal Criminal Code, specifies the requisite culpability by the phrase "does not believe it to be true." As the statute specifies a culpability, section 12.1-02-02(2), N.D.C.C., is inapplicable. The complaint charging Bower contains the culpability language of section 12.1-11-02(2)(a), N.D.C.C., and therefore effectively alleges the offense of falsification in a governmental matter.

For the reasons stated herein, we affirm the order of the county court denying the motion to arrest judgment.

GIERKE, VANDE WALLE, LEVINE and MESCHKE, JJ., concur.