2001 ND 92

**STATE of North Dakota, Plaintiff and Appellee,**

**v.**

**Duane RUE, Defendant and Appellant.**

No. 20000317.

Supreme Court of North Dakota.

May 22, 2001.

Robert E. Manly, State's Attorney, New Rockford, ND, for plaintiff and appellee.

Thomas E. Merrick, Merrick & Schaar Law Firm, Jamestown, ND, for defendant and appellant.

SANDSTROM, Justice.

[¶ 1] Duane Rue appeals his escape conviction. Rue argues, under the circumstances, the escape statute does not apply. Alternatively, Rue argues, if the statute does apply, his conduct constituted a misdemeanor rather than a felony. Concluding the escape statute applies to the circumstances, and concluding the record supports Rue's felony conviction, we affirm.

I

[¶ 2] In July 1998, Rue pled guilty to terrorizing, a class C felony. Rue was imprisoned for six months and thereafter was released subject to supervision of a probation officer. On March 3, 2000, alleging Rue had violated "one or more of the conditions" of his probation, a probation officer petitioned the district court to revoke Rue's probation. Specifically, the officer alleged Rue had absconded from supervision by failing to report to his probation officer as ordered by the court. On March 7, 2000, the district court issued an order to apprehend Rue for the alleged probation violation.

[¶ 3] On July 6, 2000, in an attempt to apprehend Rue, the Eddy County Sheriff and two deputies went to the residence of Rue's father in Sheyenne, North Dakota. While the deputies waited nearby, the sheriff met with Rue, who sat in the front seat of the sheriff's car while the two conversed. After a few minutes of casual, unrelated conversation, the sheriff told Rue about the district court order of apprehension. Rue was provided a copy of the order, which he read. The sheriff told Rue that in order to resolve the matter, he would have to accompany officers to the law enforcement center in Devils Lake.

[¶ 4] Rue got out of the car and began walking toward the house. The sheriff, who had advised Rue that he was under arrest, grabbed Rue in an attempt to keep him from leaving. Rue broke free from the sheriff's grasp and locked himself inside his father's house. Officers ultimately entered the house through a window and took Rue to jail.

[¶ 5] Rue was charged with several offenses resulting from the incident. After a bench trial, Rue was acquitted of all charges except escape. Concluding Rue escaped from official detention, the district court found him guilty of escape. The district court also concluded Rue's official detention was "pursuant to conviction" of

an offense and the escape was therefore a felony.

[¶ 6]   The district court had jurisdiction under N.D.C.C. § 27–05–06.  This Court has jurisdiction under N.D. Const. art. VI, § 6, and N.D.C.C. § 29–28–06.

## II

[¶ 7]   Rue argues that at the time of the incident, he was not under "official detention" as required by North Dakota's escape provision, N.D.C.C. § 12.1–08–06. Alternatively, Rue argues his official detention was not "pursuant to" conviction of an offense and therefore, at most, his conduct was a misdemeanor.

[¶ 8]   The evidentiary standard used for review of a criminal bench trial is the same as if the case had been tried to a jury.  *State v. Nehring,* 509 N.W.2d 42, 44 (N.D.1993).  In cases challenging a conviction, this Court does not weigh conflicting evidence or judge the credibility of witnesses, but rather looks only to the evidence and its reasonable inferences most favorable to the verdict to see whether substantial evidence exists to warrant the conviction.  *State v. Overby,* 497 N.W.2d 408, 414 (N.D.1993). Matters of law are fully reviewable.  *State v. DeCoteau,* 1999 ND 77, ¶ 6, 592 N.W.2d 579.

[¶ 9]   The escape statute, N.D.C.C. § 12.1–08–06, provides:

1.   A person is guilty of escape if, without lawful authority, the person removes or attempts to remove himself from official detention or fails to return to official detention following temporary leave granted for a specified purpose or limited period.

2. ...   Escape is a class C felony if:

    . . . .

b.   The person escaping was in official detention by virtue of the person's arrest for, or on charge of, a felony,

or pursuant to the person's conviction of any offense.   Otherwise escape is a class A misdemeanor.

[¶ 10]   The statute further defines official detention:

"Official detention" means arrest, custody following surrender in lieu of arrest, detention in any facility for custody of persons under charge or conviction of an offense or alleged or found to be delinquent, detention under a law authorizing civil commitment in lieu of criminal proceedings or authorizing such detention while criminal proceedings are held in abeyance, detention for extradition, or custody for purposes incident to the foregoing, including transportation, medical diagnosis or treatment, court appearances, work, and recreation, or being absent without permission from any release granted while under custody of a sentence such as work or education release, community confinement, or other temporary leaves from a correctional or placement facility, but "official detention" does not include supervision on probation or parole or constraint incidental to release.

N.D.C.C. § 12.1–08–06(3)(b).

## A

[¶ 11]   Rue argues the purpose of his custody was for a probation violation, not "to answer for an offense" for which arrest is allowed.   Rue argues that without an arrest, there was no "official detention" as required by N.D.C.C. § 12.1–08–06. Arrest is defined as "the taking of a person into custody in the manner authorized by law to answer for the commission of an offense."  N.D.C.C. § 29–06–01.   An offense is "conduct for which a term of imprisonment or a fine is authorized by statute after conviction."   N.D.C.C. § 12.1–01–04(20).

[¶ 12] Although North Dakota criminal law does not specify a separate criminal offense for violation of probation, the consequences of a probationer's conviction are revisited upon violation of probation. Under N.D.C.C. § 12.1–32–07(6), if a defendant violates probation, the district court "may revoke the probation and impose any other sentence that was available . . . at the time of initial sentencing." In some circumstances, a probation violation may constitute a separate offense, such as when a probationer violates his probation by driving under the influence of alcohol. In this case, Rue committed no new offense by absconding from supervision, but the consequences of his terrorizing conviction were to be revisited, and he was subject to imprisonment or fine for that offense. *See* N.D.C.C. § 12.1–01–04(20) (defining an offense); *see also* N.D.C.C. § 12.1–32–07(6) (allowing a court to revoke probation and impose any sentence available at the time of initial sentencing).

■ [¶ 13] One who violates probation is subject to arrest. An arrest for probation violation requires probable cause or a court order, as outlined in N.D.R.Crim.P. 32(f)(1):

Taking Into Custody. On probable cause to believe a probationer has violated a condition of probation, any State parole and probation officer, or any peace officer directed by a State parole and probation officer or directed by an order of the court having jurisdiction may take the probationer into custody and bring the probationer before the court that originally placed the probationer on probation for a hearing on the alleged violation.

## B

■ [¶ 14] After receiving a petition to revoke Rue's probation, the district court ordered the apprehension of Rue. Rue agrees the district court's order provided the sheriff authority to lawfully take him into custody, but he argues that arrest and custody are distinguishable. Essentially, Rue argues he could be taken into custody for violating probation, but he could not be arrested. Extending this argument, Rue argues that without an arrest, he could not be officially detained and therefore could not escape.

[¶ 15] Under Rue's interpretation, the district court's authority to order apprehension would be rendered meaningless. The district court could still issue an order to apprehend, but if a probationer could merely walk away, the order would be ineffective.

[¶ 16] The term "arrest warrant" is not defined in Rule 4 of the North Dakota Rules of Criminal Procedure—the rule authorizing arrest warrants—and the rules do not define "order of apprehension." The explanatory note discussing the purpose and construction of the Rules of Criminal Procedure states the rules "are not to be applied ritualistically, but are to be construed in the flexible spirit contemplated by the law." Explanatory Note, N.D.R.Crim.P. 2 (citation omitted).

[¶ 17] The term "arrest warrant" is, however, defined in Chapter 29 of the North Dakota Century Code, the chapter codifying criminal judicial procedure. Under the uniform extradition and rendition act, " '[a]rrest warrant' means any document that authorizes a peace officer to take custody of a person." N.D.C.C. § 29–30.3–01. "Whenever the meaning of a word or phrase is defined in any statute," that definition applies to "the same word or phrase wherever it occurs in the same or subsequent statutes, except when a contrary intention plainly appears." N.D.C.C. § 1–01–09. The district court's order, directed to any sheriff or peace officer in North Dakota, stated:

It appearing to the Court by the verified Petition ... that the Defendant, Duane Rue, may have violated conditions of his probation in the above entitled case, it is hereby ORDERED: That you are hereby commanded to apprehend the aforesaid Defendant and bring him before the Court forthwith for further proceedings.

The order was dated March 7, 2000, and included the handwritten comment "bail hearing required." We conclude the district court's order authorized officers to arrest Rue for violating probation.

[¶ 18] Having concluded that upon probable cause or court order, a person may be arrested for violation of probation, and having concluded the district court's order authorized arrest, we must determine whether the facts of this case constituted an arrest.

C

[¶ 19] We agree that every custody is not necessarily an arrest. *See, e.g., State v. Gelvin,* 318 N.W.2d 302, 304 (N.D. 1982) (individual taken into custody for detoxification, but not arrested); *City of Wahpeton v. Johnson,* 303 N.W.2d 565, 567 (N.D.1981) (differentiating custody and arrest); *State v. Phelps,* 286 N.W.2d 472, 474 (N.D.1979) (defendant was placed into custody but not arrested). The existence of an arrest is a question of law, fully reviewable on appeal. *Johnson,* 303 N.W.2d at 567. We review the facts objectively to determine whether there was an arrest. *Id.*

[¶ 20] Rue argues that official detention, as defined in N.D.C.C. § 12.1–08–06(3)(b), specifically excludes probation and parole from the definition. The statue provides: " 'official detention' does not include *supervision* on probation or parole or constraint incidental to release" (emphasis added). In this case, Rue was taken into custody, not for supervision, but to be taken before the district court for violating his probation.

[¶ 21] Because the district court ordered Rue's apprehension, the sheriff and deputies sought Rue at his father's residence. The order of apprehension was tantamount to an arrest warrant. *See* N.D.C.C. § 29–30.3–01(1) (an arrest warrant is "any document that authorizes a peace officer to take custody of a person"); *see also* N.D.C.C. § 1–01–09 (defined terms have the same meaning unless a contrary intention plainly appears). After Rue was seated in the sheriff's patrol car, he was given a copy of the order of apprehension. Rue read the order, and the sheriff told Rue that he would have to accompany officers to Devils Lake in order to resolve the matter.

[¶ 22] Thereafter, Rue stepped out of the patrol car and began to walk away. He was grabbed by the sheriff, who told him he was under arrest. Notwithstanding this advisement, Rue broke free from the sheriff's grasp and went into his father's house. At trial, Rue's own testimony acknowledged arrest. The objective facts clearly demonstrate that Rue was under arrest.

D

[¶ 23] An arrest constitutes "official detention." N.D.C.C. § 12.1–08–06(3)(b). Rue broke free from the sheriff after he was arrested. He then entered his father's house and barricaded himself inside. At trial, the district court concluded Rue removed himself from official detention without lawful authority. The district court held Rue was guilty of escape.

[¶ 24] Viewing the evidence and its inferences most favorable to the verdict, we conclude substantial evidence exists to affirm Rue's conviction. *State v. Overby,* 497 N.W.2d 408, 414 (N.D.1993).

## III

[¶ 25] Rue argues his official detention was not "pursuant to ... conviction of any offense." *See* N.D.C.C. § 12.1–08–06(2)(b) (an escape from official detention "pursuant to ... conviction of any offense" is a class C felony, while most other escapes are class A misdemeanors). Rue argues he was placed in official detention "pursuant to" the district court's order of apprehension, not "pursuant to" his conviction of an offense. Accordingly, Rue argues the use of "pursuant to" in N.D.C.C. § 12.1–08–06 is ambiguous.

### A

[¶ 26] The parties cite no cases interpreting N.D.C.C. § 12.1–08–06 or similar statutes from other jurisdictions. This issue raised by Rue has not been previously addressed by this Court. Likewise, few jurisdictions have interpreted similar statutes.

[¶ 27] The Court of Appeals of Washington, however, has interpreted a similar statute on at least three occasions. *See State v. Perencevic*, 54 Wash.App. 585, 774 P.2d 558 (1989); *State v. Snyder*, 40 Wash. App. 338, 698 P.2d 597 (1985); *State v. Solis*, 38 Wash.App. 484, 685 P.2d 672 (1984). Washington's escape provision provides a person is guilty of first degree escape if, "being detained pursuant to a conviction of a felony or an equivalent juvenile offense, he escapes from custody or a detention facility." *State v. Perencevic*, 54 Wash.App. 585, 774 P.2d 558, 559 (1989) (citing Wash. Rev.Code § 9A.76.110(1)).

[¶ 28] In *State v. Snyder*, the defendant pled guilty to second degree escape based on his unauthorized absence while being detained for burglary. 40 Wash. App. 338, 698 P.2d 597, 597 (1985). The defendant subsequently escaped again. *Id.* After being recaptured, he was convicted of first degree escape. *Id.* The defen-

dant argued the State failed to prove he was being detained pursuant to a felony because the State "failed to show that at the time of his absence he had been serving a *sentence* for" the felony. *Id.* at 598. The court held that a defendant "need not be *serving time* on the underlying conviction in order to be '*detained pursuant* to a conviction of a felony.'" *Id.*

[¶ 29] In *State v. Solis*, after conviction and sentence for a felony, the defendant was paroled. 38 Wash.App. 484, 685 P.2d 672, 673 (1984). Concluding Solis had violated his parole, his parole officer issued an order and warrant for his arrest. *Id.* A police officer located Solis, informed him of the warrant, and grabbed his arm, but Solis "broke loose and ran away." *Id.* Solis argued "he was not being detained pursuant to his conviction of a felony, as required by the escape statute; rather, he was detained for possible parole revocation." *Id.* The court stated:

> The issuance of the order and warrant [by the parole officer] immediately and effectively suspended Mr. Solis' parole. The suspension of his parole effectively reinstated his prior felony conviction and upon arrest he would have been held pursuant to the conviction pending an on-site hearing. Until his arrest ... he was an escapee until apprehended.

*Id.* Therefore, the court concluded Solis' argument—distinguishing detention pursuant to conviction from detention pursuant to possible parole revocation—failed. *Id.*

[¶ 30] In *Perencevic*, the defendant was arrested for misdemeanor shoplifting and sentenced to thirty days in jail. 774 P.2d at 558. After the defendant had been in jail for a few days, his real name was discovered. *Id.* Also discovered were numerous felony and misdemeanor warrants for his arrest. *Id.* Previously, Perencevic had been convicted of second degree theft. *Id.* He was also convicted of second degree possession of stolen property, two counts

of "taking a motor vehicle without permission," and one count of "attempting to elude a police officer." *Id.* For the four offenses, Perencevic was sentenced to 13 months imprisonment. Although Perencevic had completed serving his confinement, "he was still subject to community supervision." *Id.* Shortly after his arrest, two felony warrants alleging violation of probation were issued for Perencevic's arrest. *Id.*

[¶ 31] While Perencevic was in jail, someone attempted to dig through a wall of the jail. *Id.* at 559. An inmate testified he observed Perencevic cutting the wall; Perencevic was charged with attempted first degree escape. *Id.* The issue was whether Perencevic was "detained pursuant to a felony conviction" as required for first degree escape. *Id.* Perencevic argued the warrant alleging a "probation violation" was issued for a matter for which he had completed his sentence. *Id.*

[¶ 32] Perencevic argued the alleged probation violation "did not reinstate a sentence of confinement." *Id.* The appellate court stated state law "permits a court to modify its judgment and sentence and impose further punishment if, after hearing, it finds that an offender has violated a condition or requirement of the sentence." *Id.* at 559–60 (citation omitted); *see also* N.D.C.C. § 12.1–32–07(6) (North Dakota's comparable provision). Perencevic argued his detention was analogous to being charged with a crime instead of "pursuant to a conviction." *Id.* at 560. The court held:

> Here, the warrants arose out of Perencevic's prior felony convictions. The warrants also related to the punishment or sentence he received on his felony convictions because they were issued due to his failure to complete certain requirements of community supervision

which are as much a part of the punishment and sentence as detention time. Because there was a causal relationship between the warrants and the prior felony convictions, we hold that Perencevic's detention for his alleged supervision violation was "pursuant to a conviction of a felony". Thus, Perencevic was properly found guilty of attempted escape in the first degree.

*Id.* (footnote omitted).

## B

[¶ 33] Like Perencevic's argument, Rue's argument suggests North Dakota's escape provision is ambiguous because his detention may have been pursuant to the district court's order or pursuant to his prior conviction. An ambiguous statute is one that "is susceptible to differing but rational meanings." *State v. Rambousek*, 479 N.W.2d 832, 834 (N.D.1992). Criminal statutes are strictly construed in favor of the accused and against the government. *Id.* If a statute is ambiguous, we may consider extrinsic aids to ascertain legislative intent. *Id.* We conclude the statute here is unambiguous.

[¶ 34] The term "pursuant to" is undefined in N.D.C.C. § 12.1–08–06 or elsewhere in North Dakota's criminal code. One source defines "pursuant to" as "[i]n compliance with; in accordance with; under." *Black's Law Dictionary* 1250 (7th ed.1999). Additionally, "pursuant to" may mean "[a]s authorized by; ... [i]n carrying out." *Id.* Although we agree Rue's arrest may have been pursuant to the district court's order or pursuant to his conviction of an offense, or even pursuant to the petition for revocation of probation,[1] we disagree there exists an ambiguity in the statute.

[¶ 35] As in *Perencevic*, the district court's order of apprehension is causally

1. At oral argument, Rue's counsel suggested

Rue's detention was "pursuant to" many fac-

related to Rue's underlying conviction, and detention based on violation of parole or probation is therefore pursuant to the conviction. 774 P.2d at 560. The foundational requirement of Rue's arrest—probable cause to believe that he violated probation—is not changed from being "pursuant to" conviction of an offense simply because the district court issued an order of apprehension. Nor is an ambiguity created because Rue may have been arrested "pursuant to" the district court's order or "pursuant to" his conviction. Instead, the State must prove an additional element when seeking to convict a person of escaping "pursuant to" conviction of an offense. N.D.C.C. § 12.1–08–06; *see also Perencevic*, 774 P.2d at 559 (identifying the "statutory element required to elevate the [escape] attempt to first degree").

### C

[¶ 36] In a criminal case, due process requires that the prosecution prove each element of the offense beyond a reasonable doubt. *State v. Olander*, 1998 ND 50, ¶ 19, 575 N.W.2d 658. An element of the offense includes "[t]he attendant circumstances specified in the definition and grading of the offense." N.D.C.C. § 12.1–01–03(1)(b). Under the escape provision, the offense classification depends on attendant facts. For example, the offense is a class B felony if the "actor uses a firearm, destructive device, or other dangerous weapon" in the escape. N.D.C.C. § 12.1–08–06(2). The offense is a class C felony if the "actor uses any other force or threat of force" to escape. N.D.C.C. § 12.1–08–06(2)(a). The offense is also a class C felony if the actor escapes based on an "arrest for, or on charge of, a felony, or pursuant to the person's conviction of any offense." N.D.C.C. § 12.1–08–06(2)(b). Otherwise, the offense is a class A misdemeanor. *Id.*

[¶ 37] Rue acknowledges the criminal information charged him with felony escape. The information alleged Rue removed himself from official detention, and the detention was pursuant to conviction of an offense. Unlike misdemeanor escape, felony escape requires proof of additional attendant facts. N.D.C.C. § 12.1–08–06. The trial transcript demonstrates the district court was satisfied that the additional elements were proven beyond a reasonable doubt:

> I'm going to start with the escape charge, violation of 12.1–08–06. The Court, in sitting as a bench trial, the Court is cognizant that the purpose is to see if the essential elements of the offense have been proved beyond a reasonable doubt as charged. In this case, the Court finds there are four elements. Number one, did the defendant willfully, the Court finds he did. Number two, without lawful authority, the Court finds there was no lawful authority he had. So that's been proven. Thirdly, to remove or attempt to remove himself from official detention. The Court finds that has been met. Fourth, pursuant to defendant's conviction of an offense. The Court finds that that has been proved beyond a reasonable doubt. All of these elements have been proved beyond a reasonable doubt. Therefore, the Court finds the defendant guilty of the charge of escape, Class C Felony, in violation of 12.1–08–06.
>
> For the record, the Court would note since there were no jury instructions given, that I did consider the fact that there was a conviction of an offense prior to the Order for Apprehension on the probation. That was the underlying basis for this matter and why he was being in detention. And I did consider the definition of official detention and

---

tors, including the probation officer's petition to revoke Rue's probation.

did find that at the time he was in the pickup, that did meet the beyond a reasonable doubt definition of official detention and he attempted to remove himself from the vehicle and did remove himself without permission. Therefore, he's guilty of escape.

[¶ 38] The record demonstrates the district court was fully cognizant of the State's burden to prove an additional element for felony escape. Without reweighing the evidence or judging the credibility of the witnesses, we conclude the record demonstrates substantial evidence exists to warrant the conviction. *State v. Overby,* 497 N.W.2d 408, 414 (N.D.1993).

## IV

[¶ 39] The district court's criminal judgment is affirmed.

[¶ 40] GERALD W. VANDE WALLE, C.J., and WILLIAM A. NEUMANN, MARY MUEHLEN MARING, CAROL RONNING KAPSNER, JJ., concur.