# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 64

In the Interest of M.M., a child

State of North Dakota,                                          Petitioner and Appellee

    v.

M.M., Child,                                                     Respondent and Appellant

    and

J.G., Mother, R.M., Father,                                                    Respondents

No. 20180122

Appeal from the Juvenile Court of Burleigh County, South Central Judicial District, the Honorable Wayne D. Goter, Referee.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Tessa M. Vaagen, Assistant State's Attorney, Bismarck, ND, for petitioner and appellee.

Kevin McCabe, Dickinson, ND, for respondent and appellant.

**Interest of M.M.**

**No. 20180122**

**McEvers, Justice.**

[¶1]    M.M. appeals from a juvenile court order denying his motion to dismiss a juvenile petition pertaining to an underlying juvenile delinquency case after entering conditional admissions to committing delinquent acts of simple assault and contact by bodily fluids.  We affirm the juvenile court's order.

I

[¶2]    On October 17, 2017, a juvenile petition was filed with the juvenile court, alleging M.M. committed simple assault and contact by bodily fluids or excrement at Home on the Range.  At the time the juvenile petition was filed, M.M. resided at the Youth Correctional Center ("YCC").  The juvenile summons scheduled a hearing "for the purpose of hearing the Petition made and filed with this Court" to take place on November 7, 2017.  A separate Notice of Initial Hearing, Pretrial Conference, and Trial specified that prior to the pretrial conference, "[a]ll pretrial motions shall be served and filed with the Court in such time that they may be heard not later than the date for the pretrial."  M.M. made his initial appearance on November 7, 2017,  a pretrial conference was scheduled for November 14, 2017, and a trial was set for November 27, 2017.  On November 21, 2017, M.M. moved to dismiss the petition, arguing the hearing on the petition was not held within the required time limits for a child in detention.  M.M. simultaneously requested a continuance in order to allow him to complete discovery.  The State opposed the motion to dismiss, arguing the motion itself was untimely and that M.M. was not a child in detention.  The juvenile court denied M.M.'s motion to dismiss but granted his request for a continuance, delaying the trial an additional month.  On January 16, 2018, M.M. admitted to the allegations of delinquent acts on a conditional basis, preserving his right to appeal.

## II

[¶3] Section 27-20-56, N.D.C.C., provides an aggrieved party may appeal from a final order, judgment, or decree of the juvenile court. On appeal from a juvenile court order, this Court reviews a juvenile court's findings of fact under the clearly erroneous standard. *In re H.K.*, 2010 ND 27, ¶ 19, 778 N.W.2d 764 (relying on *In re J.K.*, 2009 ND 46, ¶ 13, 763 N.W.2d 507, explaining change from trial de novo based on changes in N.D.R.Civ.P. 52(a)). The interpretation of a statute is a question of law, which is fully reviewable on appeal. *In re R.A.*, 2011 ND 119, ¶ 24, 799 N.W.2d 332 (citation omitted).

## III

[¶4] On appeal, M.M. argues the juvenile court erred by denying his motion to dismiss because the hearing on the petition was not held within 30 days of the filing of the petition. M.M. conceded at oral argument that he was no longer contesting a violation regarding the timing of the initial hearing on the petition.

[¶5] M.M. relies on N.D.C.C. § 27-20-24 and N.D.R.Juv.P. 2(a)(3), to support his argument that the juvenile court improperly denied his motion to dismiss the petition. Section 27-20-24(2), N.D.C.C., states:

> If the hearing has not been held within the time limit, or any extension thereof, required by subsection 1 of section 27-20-22, the petition *must* be dismissed.

(Emphasis added.) However, N.D.C.C. § 27-20-22 has been superseded by N.D.R.Juv.P. 2, 5, and 10. *See* N.D.C.C. § 27-20-22 (noting "[s]uperseded by N.D.R.Juv.P., Rules 2, 5, and 10"); N.D.R.Juv.P. 2, 5, and 10, Explanatory Notes. Rule 2(a)(3), N.D.R.Juv.P., states:

> *Petition Hearing.* After the petition has been filed, the court must set a hearing, except in a continued foster care matter under N.D.C.C. § 27-20-30.1, in which a hearing is optional.
> > (A) Unless a continuance is granted under Rule 2(c), the *hearing on the petition* must not be held later than 30 days after the filing of the petition.

(B) If the child is in detention, the time for the *initial hearing on the petition* must not be later than 14 days after the child has been taken into custody.

(C) If a child is in shelter care, the petition must be filed within 30 days after the child has been taken into shelter care. The hearing on the petition must be held and findings made within 60 days of the initial removal.

(Emphasis added.)

[¶6] "Construction of a statute is a question of law, fully reviewable by this court." *State v. Rambousek*, 479 N.W.2d 832, 834 (N.D. 1992) (citing *State v. Bower*, 442 N.W.2d 438 (N.D. 1989)). When interpreting a rule, we have applied principles of statutory construction to ascertain intent:

> First, we determine intent by looking to the language of the rule and giving words their plain, ordinary, and commonly understood meaning. Additionally, we construe rules to harmonize related provisions to give meaning to each provision if possible. If a rule is ambiguous, we may resort to extrinsic aids, including the rule's historical development, to construe it.

*Desert Partners IV, L.P. v. Benson*, 2014 ND 192, ¶ 9, 855 N.W.2d 608 (internal citations and quotations omitted). An ambiguous statute or rule is one that is susceptible to differing but rational meanings. *State v. Rue*, 2001 ND 92, ¶ 33, 626 N.W.2d 681. "If a rule is ambiguous, we may resort to extrinsic aids, including the rule's historical development, to construe it." *State v. Lamb*, 541 N.W.2d 457, 461 (N.D. 1996) (citation omitted). The official explanatory note for a rule has been relied upon to construe a rule. *Id*.

[¶7] The rule elicits confusion by stating "the court must set *a* hearing" followed by referencing "the hearing on the petition" in subpart A and "the initial hearing on the petition" in subpart B without further explanation regarding what distinguishes one from the other. (Emphasis added.) It is undisputed the petition was filed on October 17, 2017, and the initial hearing was held November 7, 2017. The question is whether "the hearing on the petition," as referenced by N.D.R.Juv.P. 2(a)(3)(A) requires the trial to be held within 30 days. M.M. argues "the hearing on the petition" means the trial date which was scheduled for November 27, 2017, more than 30 days

3

from the date of the petition. The State argues only the initial hearing must be held within 30 days and it occurred on November 7, 2017, within the 30 day time frame from the date of the petition. Because the term "hearing" in N.D.R.Juv.P. 2(a)(3)(A) may be read to require either the initial hearing or the trial on the petition to be held within 30 days, the rule is ambiguous. Therefore, we resort to extrinsic aids to construe the meaning.

[¶8]   The explanatory note to N.D.R.Juv.P. 2 contains a cross reference to the Unified Judicial System Policy 409 ("Policy 409"), which clarifies the time standards delineated in N.D.R.Juv.P. 2. Policy 409 provides: "Under Administrative Rule 35, the Supreme Court has the authority to issue administrative policies relating to the juvenile court which are to be followed by all courts in the state." Policy 409 further provides: "The timeframes established in this policy apply to all juvenile courts in this state. This policy sets out time standards for processing cases. A violation is not a cause for dismissal of any case." Policy 409 notes an "initial hearing on petition or adjudication hearing" must occur within 30 days after filing of the petition, whereas an "adjudication hearing (if initial hearing used)" must occur within 30 days after the *initial hearing*. Unified Judicial System Policy 409 (Juvenile Court Time Standards, approved by the Supreme Court effective June 1, 2014) (relevant portions remain unchanged from original 2003 version). This language clearly distinguishes between an initial hearing on the petition and an adjudication hearing. If an initial hearing on the petition occurs, the time frame for the adjudication hearing is extended. Here, the initial hearing occurred on November 7, 2017, whereas the trial (the adjudication hearing) was scheduled for November 27, 2017. Since an initial hearing occurred within 30 days after the filing of the petition, the adjudication hearing needed to take place within 30 days after November 7, 2017, which it would have, prior to M.M.'s request for a continuance.

4

[¶9]    Because M.M.'s initial and adjudicative hearings were scheduled within time constraints prescribed by North Dakota Rules of Juvenile Procedure, we affirm the juvenile court order denying his motion to dismiss.

[¶10]   Lisa Fair McEvers
        Daniel J. Crothers
        Gerald W. VandeWalle, C.J.

**Jensen, Justice, dissenting.**

[¶11]   M.M. appeals from the juvenile court's denial of his motion to dismiss following a determination that a hearing held in excess of 30 days from the date the petition was filed was timely under N.D.R.Juv.P. 2(a)(3).   The majority opinion affirms the juvenile court by reading ambiguity into Rule 2(a)(3), going outside the rule itself to resolve the ambiguity, and relying on a source expressly precluded from being considered for a determination of timeliness.   Because the hearing on the petition was not held within 30 days of the filing of the petition as required by Rule 2(a)(3), I would reverse.

[¶12]   A petition seeking a determination that M.M. was a delinquent child was filed on October 17, 2018.   The adjudicative hearing was set for November 27, 2018.   On November 21, 2018, more than 30 days after the petition had been filed and prior to the scheduled adjudicative hearing, M.M. filed a motion to dismiss asserting that the failure to hold an adjudicative hearing within 30 days from the date the petition was filed violated N.D.R.Juv.P. 2(a)(3).   There is no disagreement that the failure to comply with the deadlines established in N.D.R.Juv.P. 2(a)(3) would require dismissal.

[¶13]   The State, in its response to the motion to dismiss, did not assert N.D.R.Juv.P. 2(a)(3) is ambiguous.   The juvenile court denied M.M.'s motion to dismiss without explanation and without any reference to the rule being ambiguous.  Ambiguity with regard to the rule was raised for the first time, on appeal, in the majority opinion.

[¶14]   Rule 2(a)(3), N.D.R.Juv.P., states:

*Petition Hearing.* After the petition has been filed, the court must set a hearing, except in a continued foster care matter under N.D.C.C. § 27-20-30.1, in which a hearing is optional.

> (A) Unless a continuance is granted under Rule 2(c), *the hearing on the petition* must not be held later than 30 days after the filing of the petition.
>
> (B) If the child is in detention, the time for the *initial hearing on the petition* must not be later than 14 days after the child has been taken into custody.
>
> (C) If a child is in shelter care, the petition must be filed within 30 days after the child has been taken into shelter care. *The hearing* on the petition must be held and findings made within 60 days of the initial removal.

(Emphasis added). The majority opinion concludes there is ambiguity in the rule and determines to apply principles of statutory construction to ascertain intent. While lower courts and litigants should apply these principles to interpret our rules, it is puzzling for this Court that adopted the rule to seek extrinsic aids to determine the intended meaning of the rule it adopted. If one of our rules is ambiguous, it is our obligation to amend it. Following statutory construction principles, the majority opinion goes outside of the rule itself to resolve the ambiguity, and then relies on time standards that are expressly prohibited from being used to determine the timeliness of court proceedings to reach its result.

[¶15] A plain reading of N.D.R.Juv.P. 2(a)(3) itself mandates a determination that the final adjudicative hearing must be held within 30 days of the filing of the petition, unless a continuance is granted. First, the actual phrasing used within the rule is that "the hearing" must be held within 30 days of the filing of the petition. The majority opinion, in paragraph 7, recognizes that "the hearing" in subparagraph (A) is distinguishable from "the initial hearing" in subparagraph (B), but subsequently concludes they are identical in meaning. The absence of another modifier such as the term initial before the use of the term "hearing" is an indication that the final adjudicative hearing on the petition must be completed within 30 days. Second, the phrase "the hearing" is used in both subsection (A) and (C) of Rule 2(a)(3). There is no question that the phrase "the hearing" as used in subsection (C) is a reference to

6

the final adjudicative hearing. The majority opinion requires the reader to ignore how the phrase is used in subsection (C) of the same rule. Third, the majority opinion does not simply require a choice between two different readings of the same language. To reach the result in the majority opinion, the reader is required to insert the word "initial" in subsection (A) where it does not otherwise exist. The inappropriateness of inserting the word "initial" becomes apparent when reading the next subsection, subsection (B), which includes a reference to "the initial hearing." The majority opinion therefore must assume when this Court adopted the rule it forgot to include the word "initial" within subsection (A) but remembered to include "initial" in the very next subsection. In my opinion, the reference to "the hearing" in subsection (A) is a reference to the final adjudicative hearing just as the phrase is used in subsection (C), and we are not required to go beyond a plain reading of the rule itself to resolve this case.

[¶16] The majority opinion's exclusive basis for reaching its interpretation is a reference to time standards set out in Unified Judicial System Policy 409 (Juvenile Court Time Standards) (effective June 1, 2014). Policy 409 expressly excludes the time standards from being used to argue the disposition of a case was untimely and should be dismissed. It stands to reason the converse should also be true, that the time standards in Policy 409 should not be used to argue that disposition of a case was timely. Without its reliance upon Policy 409, the majority opinion has no rationale for its interpretation of N.D.R.Juv.P. 2(a)(3).

[¶17] The parties agree the adjudicative hearing was not held within 30 days from the date the petition was filed. Because N.D.R.Juv.P. 2(a)(3) requires the adjudicative hearing to be held within 30 days from the date the petition was filed, unless a continuance is granted, the petition must be dismissed. I would therefore reverse.

[¶18]  Jon J. Jensen
        Jerod E. Tufte

7