[No. 39746.    Department Two.    November 16, 1967.]

THE STATE OF WASHINGTON, *Respondent*, v.
ROY PERSINGER, *Appellant*.*

*Roy Persinger,* pro se.

*Arthur R. Eggers* and *Albert J. Golden,* for respondent.

PER CURIAM.—Appellant Persinger, while serving a life term in the state penitentiary at Walla Walla, Washington, was charged with and convicted of attempted escape. He contends on appeal that the trial court erred in admitting a statement made by him at the time of his apprehension. The circumstances giving rise to his conviction and claim of error on appeal are as follows:

In the early Spring of 1967, another inmate of the penitentiary, Harold Moses, conceived a plan of escape. He enlisted the cooperation of appellant, and together they assembled the necessary equipment (a rope and improvised grappling hooks). Pending the proposed flight, this gear was concealed in appellant's cell. At the appointed time, with Moses leading the way, the two overpowered their custodial guards, locked them in closets, forced an attic window, and, with the aid of a grappling hook, ascended to the roof of their cell building. From this vantage point the

*Reported in 433 P.2d 867.

rope was lowered over the outer wall and Moses commenced his descent. Midway in this process, the warden's dogs sounded an alarm, floodlights were turned on, and the adjacent tower guards upon espying Moses opened fire. Moses was wounded and fell on the front stoop of the warden's residence. Appellant remained on the roof, where he was soon detected by searching guards. When he was discovered, the captain of the guards on approaching him atop the roof casually inquired why he had not followed Moses down the rope. In response to the query, appellant in substance, though somewhat impiously, stated that he was discouraged by the ululation of the dogs and the weaponry of the tower guards. This statement was admitted into evidence at appellant's trial as proof of appellant's intent to escape and in opposition to his contention that he never intended to leave the premises and was only lending a friendly hand to Moses.

Appellant contends the statement was inadmissible into evidence because the captain of the guards did not preface his roof-top query with a recitation of appellant's constitutional rights, *i.e.*, his right to remain silent, his right to counsel, et cetera.

We find no merit in appellant's contention.

■ The casual, lone, and conversational inquiry by the captain of the guards simply did not amount to the type of "in custody interrogation" contemplated by the decision in *Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694, 86 Sup. Ct. 1602 (1966) and/or *Escobedo v. Illinois*, 378 U.S. 478, 12 L. Ed. 2d 977, 84 Sup. Ct. 1758 (1964). And, appellant's gratuitous, expletive, and candid reply to the query cannot be characterized as one induced by any form of proscribed intimidation. At best the question and the answer were the products of normal, human, and spontaneous curiosity on the one hand and chagrin on the other. The trial court did not err in admitting the brief conversation into evidence.

The evidence as a whole amply supports the finding that appellant intended to follow Moses over the wall.

The judgment of guilt is, therefore, affirmed.