[No. 303-1.     Division One—Panel 2.     December 14, 1970.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES ARTIS BROWN, *Appellant.*

*Anthony Schwab,* for appellant.

*Charles O. Carroll, Prosecuting Attorney,* and *C. N. Marshall, Deputy,* for respondent.

PER CURIAM.—Appellant, while serving a sentence in the state penitentiary for grand larceny, petitioned the superior court of Walla Walla County for a writ of habeas corpus, contending that his plea of guilty was equivocal. The appli-

cation was transferred to King County for disposition. He appeals from the denial of his petition.

Appellant was originally charged with and pleaded not guilty to 11 counts of grand larceny. On December 27, 1968, he appeared with counsel in the Superior Court for King County and advised the court that he wished to change his plea on one of the counts to guilty, upon the understanding that the other 10 counts would be dismissed. The court carefully explained to appellant that he was charged with a felony and told him what the consequences of his plea of guilty thereto would be. It appears from the record that appellant's plea of guilty to the felony charge was made voluntarily, unequivocally, and with a full understanding of the consequences.

During sentencing on January 10, 1969, when asked if there was anything he wanted to say, appellant recounted some early events in his life and then said:

> This particular charge that I'm charged with now, it was—I did—I did commit the charge, you know, and—but it wasn't a hundred dollars, like it says. It was only fifty dollars.

He was then sentenced and the other 10 charges dismissed.

The same issue under like circumstances was presented in *North Carolina v. Alford,* 400 U.S. 25, 27 L. Ed. 162, 91 S. Ct. 160 (1970) and *State v. Rose,* 42 Wn.2d 509, 256 P.2d 493 (1953), both of which upheld the plea of guilty.

We therefore affirm.

Petition for rehearing denied March 9, 1971.

Review denied by Supreme Court May 3, 1971.