[No. 2968–9–III.   Division Three.   March 25, 1980.]

THE STATE OF WASHINGTON, *Respondent*, v. WILLIAM S. BRYANT, *Appellant*.

*Steven L. Wilgers* and *Rowley, Wilgers & Winfree,* for appellant.

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *David Waterbury, Deputy,* for respondent.

McINTURFF, J.—The defendant, William S. Bryant, appeals his conviction for first–degree escape.

On August 13, 1976, William Bryant entered a plea of guilty to a charge of grand larceny, a felony. On October 22, 1976, he was given a suspended sentence and granted probation. In December 1977, the State moved to revoke the suspended sentence, charging Mr. Bryant with five probation violations.[1]

On March 14, 1978, Mr. Bryant was escorted from the jail to the probation revocation hearing by a Yakima County Deputy Sheriff. The court, finding Mr. Bryant to have violated the conditions of his probation, was signing an order revoking his suspended sentence under the grand larceny conviction when Mr. Bryant dashed from the courtroom. Chief Criminal Deputy Prosecuting Attorney Hackett, who was sitting in the courtroom, observed this untimely departure, arose, and commenced an undaunted pursuit of Mr. Bryant through two hallways and down a flight of stairs where, upon hesitation of Mr. Bryant, he was

---

[1] The petition seeking revocation of the suspended sentence was based upon the following alleged probation violations: (1) operating a motor vehicle while under the influence of intoxicants and/or drugs; (2) operating a motor vehicle without a driver's license; (3) resisting arrest; (4) obstructing an officer; and (5) maliciously destroying property of another.

"dogged" to the floor by Mr. Hackett.[2] Quickly subdued, he was handcuffed and returned to the jail by the deputy sheriff.

Mr. Bryant was then charged and convicted of first-degree escape. On April 28, he filed a personal restraint petition challenging his original sentence under the grand larceny conviction. This court remanded the matter for resentencing because Mr. Bryant was not present when the court imposed the suspended sentence with probation.[3]

On appeal from the first-degree escape conviction, Mr. Bryant, pro se, contends this court's action on his personal restraint petition calls into question the validity of the probation revocation hearing from which he is alleged to have escaped. We disagree.

■■ Under RCW 9A.76.110(1), "A person is guilty of escape in the first degree if, *being detained pursuant to a conviction of a felony,* he escapes from custody or a detention facility." Here, Mr. Bryant pleaded guilty to a charge of grand larceny, a felony, on August 13, 1976. A plea of guilty to a criminal offense is equivalent to a conviction. *Woods v. Rhay,* 68 Wn.2d 601,605, 414 P.2d 601 (1966). Before Mr. Bryant's untimely departure, the trial judge had signed the order revoking his probation and pronounced judgment and sentence, reimposing the prior suspended sentence on the grand larceny charge. Therefore, despite this court's order for *resentencing* on his plea of guilty to grand larceny, Mr. Bryant was, nevertheless, detained pursuant to a felony conviction at the time of his escape. The necessity of resentencing has no effect upon the conviction.

Next, Mr. Bryant, with counsel, assigns error to the court's refusal to give an instruction on attempted escape. Since his escape was unsuccessful, it is argued, his actions

---

[2]We commend Robert Hackett, Chief Criminal Deputy Prosecuting Attorney for Yakima County, who, serving a dual capacity as a quasi-judicial officer of the court, and as a citizen, reacted promptly and responsibly to this emergency.

[3]By unpublished opinion dated January 9, 1979.

arose only to the dignity of an attempt to escape, punishable under RCW 9A.28.020. We disagree.

Under RCW 9A.28.020(1), "A person is guilty of an attempt to commit crime if, with intent to commit a specific crime, he does any act which is a substantial step toward the commission of that crime." Under the escape statute, the word "custody" means "restraint pursuant to a lawful arrest or an order of a court". RCW 9A.76.010(1).

█ Mr. Bryant appeared at the probation revocation hearing in the custody of a Yakima County deputy sheriff. Once he removed himself from the deputy sheriff's physical restraint, the crime of escape was complete. Although ultimately unsuccessful, his action was more than a "substantial step" toward escape. Consequently, the proposed instruction on attempted escape was properly refused. An escape conviction does not depend upon the ultimate success of the defendant's flight. The citation of *State v. Persinger*, 72 Wn.2d 561, 433 P.2d 867 (1967), for an instance of attempted escape may or may not be factually analogous. But the law discussed concerns the *Miranda* rule, not escape as distinguished from attempted escape.

Mr. Bryant, pro se, raises two additional arguments which we find to be without merit.[4]

Judgment of the Superior Court is affirmed.

GREEN, C.J., and MUNSON, J., concur.

---

[4]Mr. Bryant argues the court did not prove the general intent required by RCW 9A.08.010. The facts in this case, however, amply support the conclusion that the defendant acted with an intent to escape. Mr. Bryant also contends Dr. Montgomery would testify that Mr. Bryant was suffering from an "acute stress reaction" at the time of his escape. Prior to trial, however, the defendant and his counsel informed the court that Dr. Montgomery would not be called as a witness for the defense because his testimony would, in fact, be more favorable to the State.