[No. 8139–0–I.   Division One.   April 20, 1981.]

THE STATE OF WASHINGTON, *Respondent,* v. JAMES
ARTIS BROWN, *Appellant.*

*McMullen, Brooke, Knappe & Alexander* and *Craig Bernthal*, for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Frederick L. Yeatts, Deputy,* for respondent.

JAMES, C.J.—Hassan Ali (formerly James Brown) appeals his conviction of first degree escape. We affirm.

In December 1968, Ali was convicted of one count of grand larceny following a guilty plea and was sentenced to the state penitentiary. In 1969, Ali petitioned for a writ of habeas corpus, alleging that his guilty plea was constitutionally invalid. The denial of his petition was affirmed by a panel of this division in *State v. Brown,* 3 Wn. App. 797, 477 P.2d 930 (1970). In March 1979, Ali was transferred from Walla Walla to a work release training center in Seattle. On April 14, Ali obtained a medical pass to leave the center for a limited time. He did not return and was arrested on April 21.

Prior to trial, Ali contested the validity of his 1968 guilty plea, alleging that he was not advised of his rights to jury trial, the right to confront his accusers, and his privilege against self–incrimination. The trial judge denied Ali's motion challenging his conviction on the basis of our decision in *Brown.* Ali was convicted of first degree escape following a jury trial.

Ali's primary contention on this appeal is that the alleged invalidity of his prior guilty plea is a defense to prosecution for first degree escape. He urges that under *State v. Holsworth,* 93 Wn.2d 148, 607 P.2d 845 (1980), and *State v. Swindell,* 93 Wn.2d 192, 607 P.2d 852 (1980), the State was required to prove the validity of his guilty plea beyond a reasonable doubt in order to convict him of first degree escape. We agree.

In *Holsworth,* our Supreme Court held that in a habitual criminal proceeding, a defendant could challenge the *present* use of *prior* convictions based upon guilty pleas which allegedly did not meet the standards of *Boykin v.*

*Alabama,* 395 U.S. 238, 23 L. Ed. 2d 274, 89 S. Ct. 1709 (1969). In *Swindell,* it was held that a defendant could assert the invalidity of a prior guilty plea in a prosecution under the firearms statute, RCW 9.41.040, which provides:

> No person who has been convicted in this state or elsewhere of a crime of violence, shall own a pistol or have one in his possession or under his control. Such person upon being convicted of a violation of this section shall be guilty of a felony . . .

This language is comparable to the first degree escape statute, RCW 9A.76.110, which provides:

> (1) A person is guilty of escape in the first degree if, being detained pursuant to a conviction of a felony, he escapes from custody or a detention facility.

We first observe that, as a general rule, an accused may not assert the invalidity of his underlying conviction in a prosecution for escape. 27 Am. Jur. 2d *Escape, Prison Breaking, and Rescue* §§ 7, 9, 11 (1966); *United States v. Smith,* 534 F.2d 74 (5th Cir. 1976); *Lucas v. United States,* 325 F.2d 867 (9th Cir. 1963); *In re Lynch,* ___ Mass. ___, 400 N.E.2d 854 (1980). The reason for this rule is that

> the difficulties of prison administration would be intolerable if each prisoner was permitted to "go over the wall" as a means of testing the legality of his incarceration, rather than utilizing the customary means of administrative and judicial redress.

(Footnote omitted.) *Commonwealth v. Stanley,* 265 Pa. Super. Ct. 194, 203, 401 A.2d 1166, 1171 (1979). *Accord, In re Estrada,* 63 Cal. 2d 740, 408 P.2d 948, 48 Cal. Rptr. 172 (1965).

*Holsworth* and *Swindell* were not attempts to invalidate underlying convictions "as would be the case in a direct appeal or a personal restraint petition." *State v. Swindell, supra* at 196. Thus the claim of a constitutionally defective guilty plea in a first degree escape prosecution does not permit an accused to test the legality of his current incarceration.

Because the State seeks to use a prior guilty plea in a

present criminal prosecution, the State bears the burden of proving the constitutional validity of that guilty plea beyond a reasonable doubt. *State v. Holsworth, supra; State v. Swindell, supra.* Ali contends that his 1968 plea was invalid because he was not specifically advised of his rights to a jury trial, to confront his accusers, and to assert the privilege against self–incrimination. But, as to pre–1976 pleas, there is

> no constitutional requirement that there be express articulation and waiver of the three rights referred to in *Boykin* by the defendant at the time of acceptance of his guilty plea if it appears from the record, and the clear and convincing weight of extrinsic evidence if the record is unclear on the matter, that the accused's plea was intelligently and voluntarily made, with knowledge of its consequences.

*Wood v. Morris,* 87 Wn.2d 501, 508, 554 P.2d 1032 (1976).

Here, the trial judge had before him transcripts of the original plea taking hearing and of the hearing on Ali's habeas corpus petition, but denied Ali's motion "essentially on the grounds that the issue has been priorly decided by a court [in *State v. Brown, supra*]." Although we stated that Ali's plea was "made voluntarily, unequivocally, and with a full understanding of the consequences", *State v. Brown, supra* at 798, neither we nor the trial judge considered whether the State had met the burden established by *Holsworth* of proving the constitutional validity of the guilty plea beyond a reasonable doubt.

In *State v. Swindell, supra* at 196–97, the existence of a constitutionally valid conviction is described as "an element the State must prove beyond a reasonable doubt under [the governing statute]." This language could be taken to mean that the validity of the conviction must be proven to the trier of fact as must any other "element" of the charged offense. We do not believe this was the intended meaning of the quoted language from *Swindell.*

As a preliminary matter, a trial judge must determine whether the plea was constitutionally valid. Otherwise,

unconstitutional pleas, either clearly or arguably so, might be placed before juries which would be asked to consider a plea as evidence only if they first determined the plea was knowing, intelligent, and voluntary. An analogous procedure was held to violate due process when applied to allegedly involuntary confessions in *Jackson v. Denno,* 378 U.S. 368, 12 L. Ed. 2d 908, 84 S. Ct. 1774, 1 A.L.R.3d 1205 (1964). Although some states have provided for an additional jury determination of the issue of the voluntariness of a confession even where the trial judge must find beyond a reasonable doubt that the confession was voluntary, *e.g., State v. Yough,* 49 N.J. 587, 231 A.2d 598 (1967), *People v. Huntley,* 15 N.Y.2d 72, 204 N.E.2d 179, 255 N.Y.S.2d 838 (1965), this is not the practice in Washington.

> Criminal rule [3.5] is Washington's confession procedure rule. Its basic purpose is to provide a uniform procedure for the admission of voluntary confessions . . . in a fashion that will prevent the jury from hearing an involuntary confession. The rule's significant impact is that the trial judge *resolves the issue* of voluntariness in the absence of the jury and thus obviates the due process problems that would arise where the jury hears an involuntary confession. *See Jackson v. Denno, [supra]* . . .

(Italics ours.) *State v. Myers,* 86 Wn.2d 419, 425, 545 P.2d 538 (1976). This approach is consistent with rules governing comparable issues. CrR 4.2(d) (guilty pleas); CrR 4.5(c), (h) (constitutional issues). We, therefore, hold that the trial judge must determine the constitutional validity of the guilty plea prior to allowing evidence of the conviction before the jury and that under *Holsworth* he must find the plea is constitutionally valid beyond a reasonable doubt.

As heretofore stated, we do not believe that the import of the holding in *Swindell* is that the *constitutional validity* of a guilty plea is an "element" of the offenses such as first degree escape. But a prior felony *conviction* is an element. A prior conviction "is a fact which it is necessary for the state to allege and prove to obtain a conviction . . ." *Pettus v. Cranor,* 41 Wn.2d 567, 568, 250 P.2d 542 (1952). *Accord, State v. Tully,* 198 Wash. 605, 89 P.2d 517 (1939). The evi-

dence of a prior conviction must be presented to the jury if the case is tried to a jury. *Pettus v. Cranor, supra; State v. Tully, supra.* But, when the trial judge has determined the plea was "intelligently and voluntarily made, with knowledge of its consequences", *Wood v. Morris, supra* at 508, beyond a reasonable doubt, *State v. Holsworth, supra,* the jury does not consider the question anew but need only be presented with evidence that the defendant was previously convicted.

Important public policies of orderly prison administration and resolution of questions concerning the propriety of prisoners' confinement through legal processes are, we recognize, implicated by allowing the prisoner to assert invalidity of his confinement as a defense to an escape prosecution. These factors were not present in *Holsworth* and *Swindell.* However, we do not find that the legislature has left the State without recourse in this matter. For example, RCW 9A.76.120 provides that a person is guilty of second degree escape if "[h]e escapes from a detention facility; or . . . [h]aving been charged with a felony, he escapes from custody." Unlike the charge of first degree escape, the legislature has not expressly made a prior conviction an element of the offenses of second and third degree escape under RCW 9A.76.120 and 9A.76.130. *Cf. State v. Holsworth, supra; State v. Swindell, supra* (and statutes considered therein).

While ordinarily the determination of whether the State has met its burden of proving the constitutional validity of a guilty plea beyond a reasonable doubt will be made by the trial judge, we are satisfied that in this case the record before us is adequate to enable us to make that determination and thus avoid the necessity of a remand. The record before us includes transcripts of the original plea taking hearing and the hearing on Ali's subsequent habeas corpus petition. Our review of this record persuades us the State has met its burden of establishing the constitutionality of Ali's guilty plea beyond a reasonable doubt.

We consider extended discussion of the remaining issues

raised by Ali to be unnecessary. Essentially, Ali appeals discretionary rulings concerning (1) allegedly prejudicial questions asked of him by the prosecution on cross-examination, (2) denial of his motion to obtain new counsel, and (3) admission of evidence of a prior conviction for impeachment purposes under ER 609(a). We have concluded that the trial judge's rulings were in each case based upon the sound exercise of judicial discretion. There was no error.

The judgment is affirmed.

SWANSON and WILLIAMS, JJ., concur.

Reconsideration denied June 30, 1981.

Review denied by Supreme Court October 22, 1981.