[No. 5832-8-III.  Division Three.  August 7, 1984.]

THE STATE OF WASHINGTON, *Respondent,* v. RICHARD M. SOLIS, *Appellant.*

*Thomas Bothwell* and *Bothwell & Lorello,* for appellant (appointed counsel for appeal).

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *John C. Monter, Deputy,* for respondent.

GREEN, J.—Richard M. Solis appeals his conviction for first degree escape. Two issues are presented: (1) Whether a person on parole who is arrested for a parole violation and runs away is being detained pursuant to a conviction of a felony; and (2) whether a person is in the custody of an officer who grabs the person's arm and informs him of a warrant for his arrest.

On September 17, 1982, Mr. Solis was paroled from imprisonment for a felony conviction. On February 7, 1983, his parole officer determined Mr. Solis was in probable violation of his parole status and therefore received authorization to suspend his parole and have him arrested. The parole officer gave the Wapato Police Department a request for arrest. Officer Weisbacker located Mr. Solis and informed him she had a warrant for his arrest for parole violation. She grabbed his arm but he broke loose and ran away. Mr. Solis was taken into custody later the same day. He was charged with first degree escape pursuant to RCW 9A.76.110(1). A trial was had and the jury returned a verdict of guilty as charged. Mr. Solis appeals.

■ First, Mr. Solis contends he was not being detained pursuant to his conviction of a felony, as required by the escape statute; rather, he was detained for possible parole revocation.

RCW 9A.76.110(1) provides:

A person is guilty of escape in the first degree if, being detained pursuant to a conviction of a felony or an equivalent juvenile offense, he escapes from custody or a detention facility.

A parole officer has statutory authority to cause the arrest, detention and *suspension* of the parole of a parolee. RCW 9.95.120; RCW 72.04A.090. RCW 9.95.130 provides: *"From and after the suspension,* cancellation, or revocation *of the parole of any convicted person and until his return to custody he shall be deemed an escapee . . ."* (Italics ours.)

Here Mr. Solis' parole officer issued an "Order of Parole Suspension, Arrest, and Detention" and a warrant for Mr. Solis' arrest. The issuance of the order and warrant immediately and effectively suspended Mr. Solis' parole. The suspension of his parole effectively reinstated his prior felony conviction and upon arrest he would have been held pursuant to the conviction pending an on–site hearing. Until his arrest, by virtue of RCW 9.95.130, he was an escapee until apprehended. Thus, Mr. Solis' contention must fail.

■ Second, Mr. Solis' contention he did not "escape from custody" when he ran away from Officer Weisbacker must likewise fail. Custody means restraint pursuant to a lawful arrest or an order of a court. RCW 9A.76.010(1). A person is under arrest when he is deprived of his liberty by an officer who intends to arrest, but the officer need not make a formal declaration of arrest. *State v. Sullivan,* 65 Wn.2d 47, 51, 395 P.2d 745 (1964); *Seattle v. Sage,* 11 Wn. App. 481, 484–85, 523 P.2d 942 (1974). Restraint may be accomplished by physical force or threat of force, or by conduct implying force will be used. *State v. Byers,* 88 Wn.2d 1, 5, 559 P.2d 1334 (1977).

Here Officer Weisbacker testified:

I got Rick [Mr. Solis] aside and I told him that I had a warrant from his Parole Officer for his arrest for parole violation and he would have to go down to the P.D., . . . and I told him "No, you're under arrest and you'll have to go to the P.D. . . ."

. . .

. . . [A]nd when I saw Rick reach for his pocket I grabbed him by his arm, . . . and when I went to him to get a grip on him, Tony stepped in, and I tried to reach for him and he more or less cut me off, and that's when Rick split.

When Officer Weisbacker grabbed Mr. Solis' arm, he was restrained and within her custody. That act together with the fact he was informed of the arrest warrant were sufficient to effectuate an arrest. When Mr. Solis broke away and ran, he was escaping from custody as that phrase is used in RCW 9A.76.110(1).

We hold Mr. Solis was "being detained pursuant to a conviction of a felony . . ." and he escaped from the custody of the police officer when he ran. The fact the prosecuting attorney may have elected to charge Mr. Solis with resisting arrest, a misdemeanor, does not detract from the fact Mr. Solis was properly convicted of escape.

Affirmed.

MUNSON, C.J., and McINTURFF, J., concur.