[No. 6852–4–II.  Division Two.  April 19, 1985.]

THE STATE OF WASHINGTON, *Respondent,* v. LARRY ALAN SNYDER, ET AL, *Appellants.*

*Paul R. Bruce,* for appellants (appointed counsel for appeal).

*Arthur D. Curtis, Prosecuting Attorney,* and *Mark E. Beam, Deputy,* for respondent.

REED, A.C.J.—Larry Snyder and Rodney Warner appeal their convictions of first degree escape. We affirm.

In 1979 Snyder pleaded guilty to and was convicted of first degree robbery and burglary. In 1981 Warner pleaded guilty to and was convicted of second degree escape for his unauthorized absence while being detained for burglary. On November 7, 1982, Snyder and Warner escaped from the Larch Corrections Center in Clark County but were recap-

tured the next day. On appeal, defendants argue that the State did not prove that they were "being detained pursuant to a conviction of a felony", *see* RCW 9A.76.110, that the trial court erred in admitting certain evidence, and that both judicial and prosecutorial misconduct warrant reversal. We disagree.

Snyder and Warner claim that the State failed to prove the constitutional validity of the guilty pleas that had led to their original confinement. However, our Supreme Court in *State v. Gonzales*, 103 Wn.2d 564, 567, 693 P.2d 119 (1985), *overruling sub silentio State v. Thompson*, 35 Wn. App. 766, 770–71, 669 P.2d 1270 (1983) and *State v. Brown*, 29 Wn. App. 1, 2–4, 627 P.2d 142, *review denied*, 96 Wn.2d 1012 (1981), refused to permit those charged with escape to challenge at the escape trial the legality of their confinement. Perhaps defendants' confinement on their original charges could have been attacked by personal restraint petition, or on direct appeal from those convictions, but the orderly administration of criminal justice requires that such judgments be treated as valid until a court with jurisdiction rules otherwise.

Warner additionally argues that although the State proved he earlier had been convicted of second degree escape, it failed to show that at the time of his absence he had been serving a *sentence* for *that* crime.[1] However, a defendant need not be *serving time* on the underlying conviction in order to be "*detained pursuant* to a conviction of a felony". Here, Warner had been detained after being convicted and sentenced for second degree escape. Warner had not been paroled, his sentence had not been suspended and had yet to be served when he made his untimely departure from the correctional facility.

We find this case indistinguishable from a defendant's escape prior to sentencing, which also has been held to

---

[1]Defendant's sentence for the previous escape was to be consecutive to the sentence for the underlying felony there involved. In fact, he may still have been serving the first of these when he escaped the second time.

constitute first degree escape. *See State v. Bryant,* 25 Wn. App. 635, 637, 608 P.2d 1261 (1980).

We have considered defendants' other assignments of error and find them to be without merit.

Affirmed.

PETRICH and ALEXANDER, JJ., concur.

Review denied by Supreme Court July 26, 1985.