[No. 21866–2–I.   Division One.   June 26, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. STEPHEN E. PERENCEVIC, *Appellant.*

*Lenell Nussbaum* of *Washington Appellate Defender Association,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *Kevin Korsmo* and *Ronald W. Doersch, Deputies,* for respondent.

SCHOLFIELD, J.—The defendant, Stephen E. Perencevic, appeals his conviction for attempted escape in the first degree. We affirm.

## FACTS

On November 12, 1987, Perencevic was arrested and booked into the Lynnwood City Jail for shoplifting, a gross misdemeanor. He was sentenced to serve 30 days for that offense. He was initially booked in under the name LaFave, but his true identity was discovered within a few days. Once his identity was established, numerous warrants for his arrest on various misdemeanor and felony charges were discovered.

On December 8, 1987, the King County Superior Court issued two no bail bench warrants for Perencevic on two separate felony cause numbers for "probation violation[s]". The Lynnwood jail received information regarding the two warrants on December 10, 1987. During the period of December 10–12, the jail was holding Perencevic on his misdemeanor sentence from the South District Court, as well as on the various warrants, including the two King County "probation" warrants.

Perencevic had been convicted in King County of one count of theft in the second degree and was sentenced to serve 30 days of confinement on June 12, 1986. He had been convicted on a separate cause number of two counts of taking a motor vehicle without permission, one count of possession of stolen property in the second degree, and one count of attempting to elude a police officer. For these four offenses, he was sentenced on December 4, 1986, to serve 13 months, with credit for 101 days. Prior to his arrest for third degree theft in Lynnwood, Perencevic had completed serving the prescribed periods in confinement on both of these King County cause numbers. However, he was still subject to community supervision.

On December 12, a jail inmate called authorities' attention to the fact that someone had been digging through the wall of the jail T.V. room. Jail personnel discovered that

the wall was nearly cut through and that inmates could then have escaped to a restroom outside the secured portion of the facilities. An inmate testified that he saw Perencevic working on cutting the wall.

A charge of attempted first degree escape was filed against Perencevic on January 4, 1988. Copies of Perencevic's convictions in the King County cause numbers, as well as the bench warrants, were admitted at trial. While evidence of the various other warrant holds on Perencevic was admitted at trial, the deputy prosecutor argued to the jury that the two King County convictions were the basis for the detention. If correct, this would satisfy the statutory element required to elevate the attempt to first degree.

The jury returned a verdict of guilty and Perencevic was sentenced to 13 months in prison. This appeal timely followed.

### DETENTION PURSUANT TO A FELONY CONVICTION

The issue in this case is whether Perencevic was being detained pursuant to a felony conviction under RCW 9A.76.110(1) at the time the escape charge arose. Perencevic argues that he was not being "detained pursuant to a conviction of a felony" because the bench warrant alleging a "probation violation" was issued in matters for which he had completed serving his sentence.

RCW 9A.76.110(1) provides as follows:

> A person is guilty of escape in the first degree if, being detained pursuant to a conviction of a felony or an equivalent juvenile offense, he escapes from custody or a detention facility.

In *State v. Snyder,* 40 Wn. App. 338, 698 P.2d 597, *review denied,* 104 Wn.2d 1004 (1985), defendant Warner pleaded guilty to second degree escape for his unauthorized absence while being detained for burglary. Subsequently, Warner escaped again, but was recaptured. He was convicted of first degree escape. On appeal, he argued that the State did not prove he was being detained pursuant to a conviction of a felony. He argued that although the State

proved he earlier had been convicted of second degree escape, it failed to show that at the time of his absence he had been serving a sentence for that crime. The appellate court held that defendant need not be serving time on the underlying conviction in order to be "detained pursuant to a conviction of a felony'". *State v. Snyder, supra* at 339.

In *State v. Solis,* 38 Wn. App. 484, 685 P.2d 672 (1984), defendant Solis had been paroled from his sentence for a felony conviction. When Solis' parole officer determined he was in probable violation of his parole status, she issued an "order of Parole Suspension, Arrest, and Detention" and a warrant for his arrest. A police officer located Solis and informed him of the warrant. Solis broke loose from the officer's grasp and ran away. The trial court found him guilty of first degree escape. The appellate court affirmed, holding that a parolee whose parole is suspended resumes the status of being detained pursuant to the conviction for which he had been paroled. *State v. Solis, supra* at 486.

Perencevic argues that *Solis* may be distinguished from the case at bar because *Solis* was a pre–SRA[1] case and therefore Solis' sentence was automatically reinstated with the suspension of his parole. On the other hand, in the present case Perencevic was sentenced pursuant to the SRA and received a determinate sentence, which he completed. There is no probation under the SRA. Therefore, Perencevic contends the "probation violation" issued was presumably a community service violation and unlike a pre–SRA probation or parole violation, did not reinstate a sentence of confinement. Instead, RCW 9.94A.200 permits a court to modify its judgment and sentence and impose further punishment if, after hearing, it finds that an offender has violated a condition or requirement of the sentence. Thus, Perencevic concludes his detention was equivalent to a person having been charged with a crime, rather than detained pursuant to a conviction.

---

[1]Sentencing Reform Act of 1981, RCW 9.94A.

Perencevic's argument must fail. Here, the warrants arose out of Perencevic's prior felony convictions. The warrants also related to the punishment or sentence he received on his felony convictions because they were issued due to his failure to complete certain requirements of community supervision which are as much a part of the punishment and sentence as detention time.[2] Because there was a causal relationship between the warrants and the prior felony convictions, we hold that Perencevic's detention for his alleged supervision violation was "pursuant to a conviction of a felony". Thus, Perencevic was properly found guilty of attempted escape in the first degree.

Judgment affirmed.

PEKELIS and FORREST, JJ., concur.

Review denied at 113 Wn.2d 1017 (1989).

---

[2] "'Community supervision' means a period of time during which a convicted offender is subject to crime–related prohibitions and other sentence conditions imposed pursuant to this chapter by a court." Former RCW 9.94A.030(4), in part. Community supervision is an option to the sentencing court when imposing punishment pursuant to RCW 9.94A.120.