25 P.3d 1052 (2001)
106 Wash.App. 792
STATE of Washington, Respondent,
v.
Lonnie Franklin WALLS, Appellant.
No. 18356-4-III.
Court of Appeals of Washington, Division 3, Panel Three.
June 19, 2001.
*1053 Clarke W. Tibbits, Wenatchee, for Appellant.
Eric C. Biggar, Deputy Pros. Atty., Waterville, for Respondent.
SWEENEY, J.
First degree escape requires proof that a defendant escaped from custody while detained pursuant to a felony conviction. RCW 9A.76.110(1). Police stopped Lonnie Walls pursuant to an outstanding felony warrant. He bolted. The questions are whether he was being "detained" pursuant to a felony conviction and whether his escape was from custody. We answer yes on both counts and affirm his conviction for first degree escape.

FACTS
An officer of the East Wenatchee Police Department saw Lonnie Walls and two other men walking down the street. The officer recognized the three men from prior contacts. He radioed in a "wants" check on the three men. Mr. Walls had a pending felony arrest warrant for violating the conditions of community placement.
The officer approached Mr. Walls and reported the pending arrest warrant. Mr. Walls identified himself. The officer confirmed the warrant was valid and told Mr. Walls he was under arrest.
The officer then asked Mr. Walls to step toward his patrol car. The officer briefly placed his hand on Mr. Walls's elbow and then escorted him to the patrol car. Mr.
*1054 Walls walked directly in front of the officer. The officer then began to handcuff Mr. Walls. Mr. Walls started to comply, but then "bolted." Police caught him after a short chase.
The State charged Mr. Walls with first degree escape. He waived his right to a jury trial. The court found him guilty as charged.

DISCUSSION
The construction of a statute is a question of law which we review de novo. State v. Martin, 137 Wash.2d 774, 788, 975 P.2d 1020 (1999). What detained means, then, is a question of law. See City of Redmond v. Cent. Puget Sound Growth Mgmt. Hearings Bd., 136 Wash.2d 38, 49, 959 P.2d 1091 (1998) (proper definition of a statutory term is a question of law).
We interpret statutes so as to advance the legislative purpose and avoid "a strained and unrealistic interpretation." State v. Tejada, 93 Wash.App. 907, 911, 971 P.2d 79 (1999). We do so by giving them a sensible construction. Id. Undefined statutory terms are, absent contrary legislative intent, given their common meaning. State v. Avery, 103 Wash.App. 527, 532, 13 P.3d 226 (2000).
"A person is guilty of escape in the first degree if, being detained pursuant to a conviction of a felony or an equivalent juvenile offense, he escapes from custody or a detention facility." RCW 9A.76.110(1). First degree escape then has two elements: (1) the person must be detained pursuant to a felony conviction, and (2) escape from either custody or a detention facility.
Mr. Walls argues he was not detained. See State v. Ammons, 136 Wash.2d 453, 460, 963 P.2d 812 (1998) (failure to report for court ordered work crew is escape); State v. Perencevic, 54 Wash.App. 585, 586-87, 774 P.2d 558 (1989) (defendant attempted to dig through the jail TV room wall); State v. Bryant, 25 Wash.App. 635, 636-37, 608 P.2d 1261 (1980) (defendant fled from probation revocation hearing as judge was revoking his suspended sentence under a prior felony conviction).
Mr. Walls had been "previously convicted of three counts of Residential Burglary and one count of Theft in the First Degree, all felonies." Clerk's Papers (CP) at 11. And "at the time of defendant's escape a valid arrest warrant was in effect for the defendant pursuant to his felony convictions." CP at 11.
State v. Solis[1] is on point. There, Mr. Solis was paroled from a felony conviction in 1982. State v. Solis, 38 Wash.App. 484, 485, 685 P.2d 672 (1984). In 1983, his parole officer believed Mr. Solis was in probable violation of parole. Id. The parole officer sought and received authorization to suspend Mr. Solis's parole and have him arrested. Id. The parole officer subsequently contacted a local police department and requested Mr. Solis's arrest. Id.
A police officer located Mr. Solis and told him there was a warrant for his arrest for a parole violation. Id. The officer grabbed his arm. Mr. Solis broke free and ran. Id. He was charged and convicted of first degree escape. Id.
On appeal, Mr. Solis argued that he was not detained pursuant to a felony conviction. Id. at 486, 685 P.2d 672. We disagreed. We relied on former RCW 9.95.130 (1955), which provided: "From and after the suspension, cancellation, or revocation of the parole of any convicted person and until his return to custody he shall be deemed an escapee...." See Solis, 38 Wash.App. at 486, 685 P.2d 672. And we held that
[t]he issuance of the order and warrant immediately and effectively suspended Mr. Solis' parole. The suspension of his parole effectively reinstated his prior felony conviction and upon arrest he would have been held pursuant to the conviction pending an on-site hearing. Until his arrest, by virtue of RCW 9.95.130, he was an escapee until apprehended.
Id.
Mr. Walls was detained, then, on the strength of an outstanding felony warrant.
*1055 This is so even though the violation was for what is now called community placement.
We also addressed a similar problem in Perencevic. Mr. Perencevic was arrested and sentenced to 30 days for shoplifting. Perencevic, 54 Wash.App. at 586, 774 P.2d 558. Mr. Perencevic was first booked under a false name. Police found several arrest warrants once his true identity was discovered. Id. Two of the warrants were "no bail bench warrants" for probation violations stemming from two prior felony convictions. Id.
Mr. Perencevic tried to dig through the wall of the jail's TV room. Id. at 586-87, 774 P.2d 558. He did not make it and was subsequently charged and convicted of first degree escape. Id. at 587, 774 P.2d 558. Mr. Perencevic appealed and argued that he was not detained pursuant to a felony conviction. Id.
The court affirmed his conviction. It reasoned:
Because there was a causal relationship between the warrants and the prior felony convictions, we hold that Perencevic's detention for his alleged supervision violation was "pursuant to a conviction of a felony."
Perencevic, 54 Wash.App. at 589, 774 P.2d 558.
The distinctions between Perencevic and this case are not material. Mr. Perencevic was in a county jail being held on both his shoplifting conviction and two "no bail bench warrants." Perencevic, 54 Wash.App. at 586, 774 P.2d 558. Mr. Perencevic was being detained in jail.
"Custody" is "restraint pursuant to a lawful arrest or an order of a court, or any period of service on a work crew[.]" RCW 9A.76.010(1). Restraint can occur through physical force, threat of force, or "conduct implying force will be used." Solis, 38 Wash. App. at 486, 685 P.2d 672.
"Detained" is not defined in the escape statute. But the dictionary defines "detain" as "to hold or keep in or as if in custody." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 616 (1993). If Mr. Walls was in custody, then he was also detained.
Here, the officer told Mr. Walls he was under arrest, touched his elbow, and escorted Mr. Walls to the patrol car. The officer did not physically restrain Mr. Walls. But certainly the threat of force was present. Mr. Walls was in the officer's custody when he ran away. Solis, 38 Wash.App. at 486, 685 P.2d 672.
The only remaining question is whether Mr. Walls was "detained pursuant to a conviction of a felony." RCW 9A.76.110(1). And that question is easily answered.
Under Perencevic, there need only be a "causal relationship between the warrants and the prior felony convictions." Perencevic, 54 Wash.App. at 589, 774 P.2d 558. Here, there is such a causal relationship. Mr. Walls was on probation/community supervision for prior felonies. CP at 10-11. The warrant for his arrest was based on a "probation violation." CP at 10-11. The officer, therefore, detained Mr. Walls "pursuant to a conviction of a felony." Perencevic, 54 Wash.App. at 589, 774 P.2d 558.
We affirm the conviction.
BROWN, A.C.J., concurs.
SCHULTHEIS, J. (dissenting).
The issuance of an arrest warrant is based on probable cause that a crime has been committed, or in this case that Lonnie Walls violated the conditions of his probation (now community supervision). First degree escape requires more than mere allegations of criminal conductit requires a conviction. RCW 9A.76.110(1)("detained pursuant to a conviction of a felony or an equivalent juvenile offense"). Here, Mr. Walls had been only accused of violating the conditions of his probation. There was yet to be a judicial determination of whether he violated his probation. As such, he was not detained pursuant to a felony conviction as required for first degree escape. I therefore respectfully dissent.
The first degree escape statute must be read in conjunction with the other escape statutes. In re Personal Restraints of Yim, 139 Wash.2d 581, 592, 989 P.2d 512 *1056 (1999)(statutes that relate to the same subject matter or have the same purpose should be read together). There are three degrees of escape. RCW 9A.76.110, .120, .130. "A person is guilty of escape in the first degree if, being detained pursuant to a conviction of a felony or an equivalent juvenile offense, he escapes from custody or a detention facility." RCW 9A.76.110(1).
Second degree escape can occur in a variety of ways, only one of which is potentially applicable here.[1] A person who has (1) been charged with a felony or an equivalent juvenile offense, and (2) escapes from custody is guilty of second degree escape. RCW 9A.76.120(1)(b). Finally, a person commits third degree escape by escaping from custody. RCW 9A.76.130(1).
The three degrees of escape each carry a different penalty. RCW 9A.76.110(2)(first degree escape is a class B felony); RCW 9A.76.120(2)(second degree escape is a class C felony); RCW 9A.76.130(2)(third degree escape is a gross misdemeanor). This shows that the Legislature intended to treat an offender who is detained pursuant to a felony conviction more harshly than an offender not so detained.
Here, the net effect of the underlying arrest warrant was to haul Mr. Walls into court for a judicial determination of whether or not he had violated the conditions of his probation. He was not then detained pursuant to a conviction, he was detained based on allegations, and allegations only, that he violated his probation.
Of course, if Mr. Walls was judicially determined to have violated his probation and then escaped, this would be a different situation. However, Mr. Walls was being detained pursuant to accusations, not a conviction, when he ran away from the officer. Here, the facts simply do not support a charge of first degree escape.
Contrary to the majority's assertion, State v. Solis, 38 Wash.App. 484, 685 P.2d 672 (1984) is distinguishable from the present case. This court's decision holding Mr. Solis was detained pursuant to a felony conviction was predicated on the application of RCW 9.95.130. "Until his arrest, by virtue of RCW 9.95.130, [Mr. Solis] was an escapee until apprehended." Solis, 38 Wash.App. at 486, 685 P.2d 672 (emphasis added). In other words, Mr. Solis was detained prior to his arrest because his parole officer had already suspended his parole status. Here, Mr. Walls was on probationnot parole. There has been no showing that his probation was suspended. And there was yet to be a judicial determination of whether Mr. Walls violated his probation.
Division One's holding in State v. Perencevic, 54 Wash.App. 585, 774 P.2d 558 (1989) is too broad. A mere "causal relationship between the warrants and the prior felony convictions" is simply not sufficient to charge a defendant with first degree escape. Id. at 589, 774 P.2d 558. First degree escape requires detention pursuant to a felony conviction, not detention that is somehow related to a prior felony conviction. Interpreting the requirements of first degree escape in such a loose manner violates the Legislature's overall intent, as evidenced by the varying levels of punishment for escape. Moreover, statutes should be interpreted in a way that provides lenity to defendants. See State v. Bourne, 90 Wash.App. 963, 969, 954 P.2d 366 (1998)(rule of lenity requires an ambiguous statute to be interpreted most favorably to the defendant).
Mr. Walls should not be subjected to the same punishment as a convicted felon who goes "over the wall" at a maximum security penitentiary for merely running away from a police officer. This court applies statutes to fulfill the legislative intent. State v. Waters, 93 Wash.App. 969, 974, 971 P.2d 538 (1999). Convicting Mr. Walls of the same crime as felons who break out of prison ignores the Legislature's statutory scheme by interpreting first degree escape in a vacuum. Statutes should not be "read in isolation or applied in a vacuum." 2B NORMAN J. SINGER, STATUTES AND STATUTORY CONSTRUCTION § 53:01, at 322 (6th ed.2000).
A duck is a duck regardless of what you try to call it. Mr. Walls ran away from a *1057 police officer who was attempting to arrest him. That is resisting arrest. RCW 9A.76.040 ("A person is guilty of resisting arrest if he intentionally prevents or attempts to prevent a peace officer from lawfully arresting him"). Certainly, prosecutors have wide discretion in deciding how to charge defendants. State v. Frazier, 82 Wash.App. 576, 587, 918 P.2d 964 (1996)("State is given a great deal of discretion over the charging decision"). Their discretion is, however, limited to the facts of the case. Here, the facts simply do not justify a charge of first degree escape. I would reverse Mr. Walls's conviction.
NOTES
[1] 38 Wash.App. 484, 685 P.2d 672 (1984).
[1] The other ways involve escape from a detention facility (which Mr. Walls was not in) or a sexually violent predator who leaves the state. RCW 9A.76.120(1)(a), (c).