[Nos. 28428-6-II; 28772-2-II.   Division Two.   February 25, 2003.]

THE STATE OF WASHINGTON, *Respondent*, v. CARLA H. BRESHON, *Appellant*.

THE STATE OF WASHINGTON, *Respondent*, v. DAVID R. SIMMONS, *Appellant*.

*Dino G. Sepe*, for appellants.

*Gerald A. Horne, Prosecuting Attorney*, and *Michelle Luna-Green* and *Thomas C. Roberts, Deputies*, for respondent.

ARMSTRONG, J. — Carla H. Breshon and David R. Simmons[1] appeal their convictions of first degree escape for failing to report daily to the treatment program a sentencing judge had ordered for each as a substitute for jail time. They contend that they were not in custody at the program and, therefore, did not commit first degree escape when they left. We disagree and, accordingly, affirm.

## FACTS

After Carla Breshon pleaded guilty to attempted delivery of a controlled substance, the trial court sentenced her to six months in the Breaking the Cycle (BTC) program. David Simmons was also sentenced to BTC, for 150 days, after pleading guilty to unlawful possession of a controlled substance. BTC, a community-based drug treatment program, is a sentencing alternative to total confinement. Former RCW 9.94A.380(3) (2000), *recodified as* RCW 9.94A.680(3) (LAWS OF 2001, ch. 10, § 6).

After sentencing, a deputy sheriff took Breshon and Simmons directly from jail to BTC. They were given back their money, property, and civilian clothes, but were taken to BTC in handcuffs in a patrol car. They were required to report to BTC daily, to submit to random urinalysis testing, and to keep the program apprised of their current addresses and employment situations. But they were not required to wear electronic monitoring devices or return to custody at night. Both were told that the program was an alternative to total confinement and that failure to report would subject them to escape charges.

Breshon reported to BTC for a little over a week, but then stopped. Unable to locate her at her listed address, the police listed her as an escapee. She was arrested three months later and charged with first degree escape. The trial court found her guilty after a bench trial, ruling that she was in custody at BTC.

---

[1] For purposes of this opinion, we consolidate *State v. David R. Simmons*, No. 28772-2-II, with *State v. Carla H. Breshon*, No. 28428-6-II.

Simmons reported to BTC for one day, but then he did not return to the facility. Similarly, police could not find him at his listed address and issued a bench warrant. Five months later, he was arrested and after a bench trial was found guilty of first degree escape.

Under the Sentencing Reform Act of 1981, chapter 9.94A RCW, a court may sentence an offender with a sentence of one year or less to an alternative to total confinement. Former RCW 9.94A.380. The statute lists several "sentence conditions that the court may order as substitutes for total confinement . . . ." Former RCW 9.94A.380. One substitute allows the court to "authorize county jails to convert jail confinement to an available county supervised community option and [to] require the [nonviolent and nonsex crime] offender to perform affirmative conduct pursuant to RCW 9.94A.129 [chemical dependency treatment program participation]." Former RCW 9.94A.380(3). Pursuant to this statute, the trial court sentenced Breshon and Simmons to BTC.

Breshon and Simmons argue that they cannot be found guilty of first degree escape for failing to report to a program like BTC. We disagree.

## ANALYSIS

"A person is guilty of escape in the first degree if, being detained pursuant to a conviction of a felony or an equivalent juvenile offense, he escapes from custody or a detention facility." Former RCW 9A.76.110(1) (1982). "Custody" is "restraint pursuant to a lawful arrest or an order of a court, or any period of service on a work crew . . . ." RCW 9A.76.010(1). The State concedes that BTC is not a detention facility and is not partial confinement. And Breshon and Simmons were not restrained pursuant to an arrest or because of service on a work crew. Thus, the dispute focuses on whether they were in custody because of "restraint pursuant to . . . an order of a court." RCW 9A.76.010(1).

This is a question of statutory interpretation, which we review de novo. *State v. Ammons*, 136 Wn.2d 453, 456, 963 P.2d 812 (1998). We give words their plain and ordinary meaning and "avoid interpretations that are forced, unlikely, or strained." *State v. Hendrix*, 109 Wn. App. 508, 512, 35 P.3d 1189 (2001), *review denied*, 146 Wn.2d 1018 (2002). We give undefined statutory terms their common meaning unless the legislature intended otherwise. *State v. Walls*, 106 Wn. App. 792, 795, 25 P.3d 1052 (2001).

The Supreme Court has answered, at least in part, the question in this case. In *Ammons*, the trial court sentenced two convicted felons to service on a work crew. When the two failed to show up at the crew on the day ordered, the State charged them with first degree escape. The defendants argued that they could not be convicted of first degree escape from the work crews because they were never in custody on the work crews. *Ammons*, 136 Wn.2d at 454-56. The court disagreed, holding that the defendants met the definition of "in custody" in two different ways—a court order and assignment to work crew. *Ammons*, 136 Wn.2d at 460. Thus, the court reasoned that because the defendants were in custody as of the date they were ordered to report to the crews, they committed first degree escape by failing to report. *Ammons*, 136 Wn.2d at 460.

Similarly, the sentencing judge here ordered Breshon and Simmons to report daily to the treatment facility. According to *Ammons*, they were in custody on the days they failed to appear because they were under restraint pursuant to a court order. Thus, they committed first degree escape from the custody of the sentencing order.

But Breshon and Simmons argue that the *Ammons* language that a defendant can be restrained by an order of the court is dicta. They read *Ammons* as holding that the defendants escaped only because they had been ordered to serve on a work crew, and work crew is specifically mentioned in the definition of custody. The *Ammons* court, however, said that the defendants "were in custody on the

date they were to report to work crew *both* because they were in restraint pursuant to an order of the court and because custody includes any period of service on a work crew." *Ammons*, 136 Wn.2d at 460 (emphasis added). Accordingly, the restraint-pursuant-to-an-order language is not dicta.[2]

Breshon and Simmons also contend that the order requiring them to report to BTC is a noncustodial sentencing condition, violation of which is not punishable as escape. They reason that although *Ammons* includes a court order within the definition of custody and restraint, the escape statute also requires that the person be "detained pursuant to a felony conviction." Appellant's Br. at 30. Breshon and Simmons argue that they were not being detained because "detained" equates with at least "partial confinement." Appellant's Br. at 30. And this, they continue, explains the "dilemma created by *Ammons* and why a person cannot be convicted of Escape in the First Degree for failing to complete the community option of [former] RCW 9.94A-.380(3)." Appellant's Br. at 30. They are correct that the first degree escape statute requires that the defendant escape "while being detained pursuant to a conviction." RCW 9A.76.110(1).

The *Ammons* "dilemma," however, is readily resolved by comparing the majority opinion with the dissent. The dissent argued, as do Breshon and Simmons, that the two defendants could not be convicted of first degree escape because they were not being detained pursuant to a felony conviction at the time of the escapes. *Ammons*, 136 Wn.2d at 460 (Madsen, J., dissenting). After reviewing the dictionary definitions, the dissent concluded that to be "detained" the "person must at the time of the escape be under some

---

[2] Breshon and Simmons cite *State v. L.W.*, 101 Wn. App. 595, 605, 6 P.3d 596 (2000) for support of their contention that *Ammons'* holding that custody includes restraint pursuant to a court order is dicta. However, the *L.W.* court actually distinguished *Ammons*, pointing out that L.W. was not under an order of restraint by a court. *L.W.*, 101 Wn. App. at 605. This distinction supports the fact that a person under an order of court is restrained.

restriction as to their ability to move about freely." *Ammons*, 136 Wn.2d at 461 (Madsen, J., dissenting).

Yet, although the statute plainly requires that the defendant be detained at the time of the escape, the majority did not address the issue. The majority might have concluded that the phrase should be read with the emphasis on *felony conviction* as opposed to a misdemeanor conviction; thus, the legislature might have intended not to create a detention element of escape but to say that only a defendant who is being held on a felony conviction can commit first degree escape. *See Ammons*, 136 Wn.2d at 461 (Madsen, J., dissenting). Or the majority might have concluded that the defendants were detained because they were in custody by virtue of the court order; in short, "detained" and "custody" mean the same under the statute. In any event, the majority did not require a detention separate from the restriction of freedom imposed by being in custody, even if that was custody from restraint arising from a court order. We, therefore, reject the argument that Breshon and Simmons were not detained because they were not at least partially confined.

Finally, Breshon and Simmons argue that the *Ammons* definition of restraint is too broad. They point out that under *Ammons*, if a defendant fails "to appear at the county drug assessment agency for an evaluation," he or she could be charged with escape. Appellant's Br. at 28. We disagree for several reasons. First, Breshon and Simmons were ordered to physically appear daily at BTC; there, staff could require a urine sample; Breshon and Simmons were required to keep a daily log, including their current addresses; they were told that failure to report meant the prosecutor could file escape charges; the jail considered them to be in community custody; they received credit for their BTC time against their jail sentences and earned good time credits; and a deputy sheriff monitored their reporting and went out to pick them up when they failed to report. Second, and more importantly, the BTC program was a substitute for total jail confinement. These characteristics

distinguish the order directing Breshon and Simmons to report to BTC from the usual community custody or placement conditions.

In conclusion, we hold that Breshon and Simmons were in custody pursuant to the court order that they report daily to BTC. When they failed to report, they committed first degree escape. We affirm.

SEINFELD and BRIDGEWATER, JJ., concur.