236 P.3d 250 (2010)
STATE of Washington, Respondent,
v.
Nathan Allen BROOKS, Appellant.
No. 38913-4-II.
Court of Appeals of Washington, Division 2.
August 3, 2010.
*251 Patricia Anne Pethick, Attorney at Law, Tacoma, WA, for Appellant.
Carol L. La Verne, Thurston County Prosecutor's Office, Olympia, WA, for Respondent.

PART PUBLISHED OPINION
BRIDGEWATER, P.J.
¶ 1 Nathan Allen Brooks appeals his conviction for first degree escape. We hold that RCW 9A.76.110 is not ambiguous and applies to escape from custody following arrest on a warrant for a probation or community custody violation because the custody is based on a felony conviction, not merely a sentence for a felony conviction. We affirm.
¶ 2 On October 25, 2008, at approximately 1:00 am, a Washington State Patrol trooper pulled Brooks over for driving with a non-functioning headlight. The officer took Brooks's driver's license and, while standing next to Brooks, used a radio device on her shoulder to check if Brooks had any outstanding warrants. When dispatch reported that Brooks had an outstanding felony arrest warrant, the trooper placed Brooks under arrest. But as the trooper began to perform a pat down search, Brooks ran off. Brooks was eventually found and rearrested.
¶ 3 The State charged Brooks with one count of first degree escape pursuant to RCW 9A.76.110(1). At trial, the State admitted a copy of the Department of Correction's felony warrant and Brooks's prior felony judgment and sentence.
¶ 4 Brooks testified and acknowledged that he was on community custody for a prior felony conviction when the trooper stopped him. He also admitted that he ran from the trooper. But he denied knowing why the trooper arrested him. The jury found Brooks guilty.

ANALYSIS

I. First Degree Escape, RCW 9A.76.110(1)
¶ 5 Brooks contends that the plain language of RCW 9A.76.110(1) does not apply *252 where a person escapes custody pursuant to an arrest warrant for a probation or community custody violation. We disagree.
¶ 6 Statutory construction is a legal question that we review de novo. State v. Martin, 137 Wash.2d 774, 788, 975 P.2d 1020 (1999). We interpret statutes so as to advance the legislative purpose and avoid a strained and unrealistic interpretation. State v. Walls, 106 Wash.App. 792, 795, 25 P.3d 1052 (2001). We do so by giving statutes a sensible construction. Walls, 106 Wash.App. at 795, 25 P.3d 1052. We give undefined statutory terms, absent contrary legislative intent, their common meaning. State v. Avery, 103 Wash.App. 527, 532, 13 P.3d 226 (2000).
¶ 7 A person is guilty of first degree escape if "being detained pursuant to a conviction of a felony or an equivalent juvenile offense", he escapes from custody or a detention facility. RCW 9A.76.110(1). First degree escape then has two elements the person must have (1) been detained pursuant to a felony conviction and (2) escaped from either custody or a detention facility. What "detained" means is a question of law. Walls, 106 Wash.App. at 795, 25 P.3d 1052.
¶ 8 Brooks contends that "detained pursuant to a conviction of a felony" applies only to detention for postconviction confinement, and not after an individual has served his or her sentence on that felony. Br. of Appellant at 6 (emphasis omitted). This is a strained and unrealistic interpretation of RCW 9A.76.110(1).
¶ 9 RCW 9A.76.110(1)'s plain language shows that the legislature intended to include escape from arrest for a community custody violation. An arrestee's confinement due to an arrest for a community custody violation grows out of an earlier felony conviction. Confinement results from both the original conviction and the subsequent violation. In interpreting "pursuant to a conviction of a felony," there is no reason to disassociate the community custody confinement from its underlying cause, the felony conviction. RCW 9A.76.110(1). Each instance of the defendant's confinement must be considered. Community custody is a result of the felony conviction, not merely a condition of sentence.
¶ 10 In addition, disregarding confinement due to community custody violations would render superfluous the requirement that the defendant escape from "custody." RCW 9A.76.110(1). RCW 9A.76.010(1) defines "`[c]ustody'" as "restraint pursuant to a lawful arrest or an order of a court, or any period of service on a work crew." Thus, a person is in "custody" when restrained pursuant to a lawful arrest, as was Brooks. A person need not be serving postsentence confinement to be under "arrest." But if we adopted Brooks's interpretation of RCW 9A.76.110(1), conduct would satisfy that statute only if the person escaped from postsentence confinement and not the preconfinement arrest. Such an interpretation would essentially strike "from custody" from RCW 9A.76.010(1), leaving only escape from a detention facility. Adopting Brooks's interpretation would render superfluous portions of RCW 9A.76.110(1), and we avoid doing so. Whatcom County v. City of Bellingham, 128 Wash.2d 537, 546, 909 P.2d 1303 (1996). RCW 9A.76.110(1)'s plain language includes escape from detention due to a community custody violation because those violations arise out of a felony conviction.
¶ 11 In addition, Washington courts have long rejected the notion that first degree escape applies only to escape from postsentence confinement. Washington courts have found a defendant detained pursuant to a felony conviction where the defendant escapes from (1) presentence confinement, State v. Bryant, 25 Wash.App. 635, 637, 608 P.2d 1261 (1980); (2) postsentence confinement where the defendant had not yet been transferred to prison, State v. Snyder, 40 Wash.App. 338, 339, 698 P.2d 597, review denied, 104 Wash.2d 1004 (1985); and (3) arrest after the defendant's parole was revoked. State v. Solis, 38 Wash.App. 484, 486-87, 685 P.2d 672 (1984).
¶ 12 Even more relevant, other divisions of this court have at least twice held that "detained pursuant to a conviction of a felony" includes arrest for a community custody violation. Walls, 106 Wash.App. at 797-98, 25 P.3d 1052; State v. Perencevic, 54 Wash.App. *253 585, 588-89, 774 P.2d 558, review denied, 113 Wash.2d 1017, 781 P.2d 1320 (1989).
¶ 13 In Walls, when law enforcement detained Walls pursuant to an outstanding felony warrant arising out of a community custody violation, he "bolted." Walls, 106 Wash. App. at 794, 25 P.3d 1052. Walls was charged with and convicted of first degree escape. Walls, 106 Wash.App. at 794, 25 P.3d 1052. On appeal, Walls argued that at the time of his arrest he was not detained pursuant to a felony conviction. Walls, 106 Wash.App. at 797, 25 P.3d 1052. Examining RCW 9A.76.110(1)'s plain language, Division Three of this court rejected his argument and held that there need be only a "causal relationship" between the warrants and the prior felony convictions. Walls, 106 Wash. App. at 797-98, 25 P.3d 1052. The court reasoned that a causal relationship existed because Walls was on community supervision for the prior felonies and he was arrested based on a violation of those community custody conditions. Walls, 106 Wash.App. at 798, 25 P.3d 1052. The court concluded that Walls was therefore detained pursuant to a felony conviction. Walls, 106 Wash.App. at 798, 25 P.3d 1052.
¶ 14 In Perencevic, the defendant was being held in jail for misdemeanor convictions and "`probation' warrants" that arose out of felony convictions. Perencevic, 54 Wash. App. at 586, 774 P.2d 558. Perencevic was convicted of attempted first degree escape after trying to tunnel through the jail wall. Perencevic, 54 Wash.App. at 586-87, 774 P.2d 558. On appeal, Perencevic argued that he had not been detained pursuant to a felony conviction because he had finished serving his felony sentences. Perencevic, 54 Wash. App. at 587, 774 P.2d 558. Division One of this court rejected this argument. Perencevic, 54 Wash.App. at 589, 774 P.2d 558. The court reasoned that the warrants "also related to the punishment or sentence [Perencevic] received on his felony convictions because they were issued due to his failure to complete certain requirements of community supervision which are as much a part of the punishment and sentence as detention time." Perencevic, 54 Wash.App. at 589, 774 P.2d 558. The court found a causal relationship between the warrants and prior felony convictions and held that Perencevic had been detained pursuant to a felony conviction. Perencevic, 54 Wash.App. at 589, 774 P.2d 558.
¶ 15 As in Walls and Perencevic, Brooks's detention arose out of a felony conviction, not merely a sentencing condition. A jury had found Brooks guilty of felony violation of a court order. He served his sentence and was released with community custody conditions. A warrant issued because Brooks allegedly violated those community custody conditions. The officer arrested Brooks because of that warrant. Brooks's detention thus arose out of a felony conviction and he was detained pursuant to a felony conviction.
¶ 16 Brooks argues that Walls and Perencevic are not binding on us because they were decided by other divisions of this court and because the Supreme Court has not ruled on the issue. Those decisions, however, are persuasive and Brooks gives no reason not to follow those holdings. Further, we reject Brooks's contention that Walls is not settled because one judge dissented. A majority opinion is settled law.[1]

II. Sufficient Evidence
¶ 17 Brooks next argues that insufficient evidence supports his conviction because the State failed to prove that he knowingly fled custody while being detained for a felony conviction. Brooks argues that the State failed to prove that he knew from which crime he was fleeing because he never heard the radio report on his outstanding warrant. The State responds that it had to prove that Brooks knowingly fled from detention, not that he knew the basis for his detention.
¶ 18 Sufficient evidence exists to support a conviction if any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt when viewing the evidence in the light most favorable to the State. State v. Thomas, 150 Wash.2d *254 821, 874, 83 P.3d 970 (2004). An appellant claiming insufficiency of the evidence admits the truth of the State's evidence and all inferences that reasonably can be drawn from it. Thomas, 150 Wash.2d at 874, 83 P.3d 970. We defer to the fact finder on issues of witness credibility, conflicting testimony, and persuasiveness of the evidence. Thomas, 150 Wash.2d at 874-75, 83 P.3d 970.
¶ 19 For first degree escape, the State must show that the defendant knowingly fled from detention. State v. Descoteaux, 94 Wash.2d 31, 35, 614 P.2d 179 (1980). The State does not have to show that the defendant acted with an intent to avoid confinement. Descoteaux, 94 Wash.2d at 34, 614 P.2d 179 (citing United States v. Bailey, 444 U.S. 394, 100 S.Ct. 624, 62 L.Ed.2d 575 (1980)). Both the Washington and United States Supreme Courts have rejected a "heightened standard of culpability" above "proof that defendant acted knowingly." Descoteaux, 94 Wash.2d at 34-35, 614 P.2d 179. There is no requirement that an arrestee know the basis of his detention before he or she flees.
¶ 20 Even if such a requirement existed, the State met its burden. The arresting officer testified that she received a report about Brooks's outstanding community custody warrants through her shoulder radio. She also testified that Brooks was within hearing range of her shoulder radio when the report came back. While Brooks testified that he did not hear that report, this is a matter of conflicting testimony and credibility which we do not review. Thomas, 150 Wash.2d at 874, 83 P.3d 970.
¶ 21 Brooks also argues that insufficient evidence supports his conviction because he was not in custody due to a felony conviction. As stated above, he was in custody due to a felony conviction. Sufficient evidence supports Brooks's conviction for first degree escape.
¶ 22 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.
We concur: ARMSTRONG and QUINN-BRINTNALL, JJ.
NOTES
[1] Because we hold that under the RCW 9A.76.110(1)'s plain language, Brooks was detained pursuant to a felony conviction, we do not reach his arguments on ambiguity.